ILLINOIS STERLING, INC., et al., Plaintiffs-Appellees, *v.* KDI CORPORATION et al., Defendants-Appellants.

(No. 74-403;

Second District (1st Division)—November 17, 1975.

Jay S. Berlinsky, of Greenberger, Krauss & Jacobs, of Chicago, for appellants.

Gates W. Clancy and James S. Mills, both of Geneva, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an interlocutory appeal pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1973, ch. 110A, par. 308) from the order of the trial court denying defendants' motion to dismiss the complaint and plaintiffs' motion to file their amended complaint, which, in substance, amended their original complaint to allege wilful and malicious conduct on the part of the defendants.

The original complaint, filed December 23, 1970, was based solely on defendants' alleged breach of a reorganization agreement of December 8, 1969, between plaintiffs and defendants. The complaint alleged, *inter alia*, that defendants breached the agreement by (1) failing to provide any capital to a business being operated by plaintiff; and (2) notifying various suppliers and customers of the business that it was without funds and would be shut down and liquidated by a certain date. In part, Count I prayed for judgment for compensatory damages resulting from the breach of the contract and punitive damages.

Count II of the complaint realleged allegations contained in Count I and stated that as a result thereof the business reputation of one of the plaintiffs suffered severe and irreparable damage. The prayer of Count II requested monetary damages as a result of the aforesaid breach and contained no prayer for punitive damages.

Count III of the complaint realleged the allegations of Count I and further stated that as a result of such breaches of contract the plaintiffs were required to expend certain sums and alleged damages as a consequence thereof. The prayer of Count III prayed for monetary damages and contained no prayer for punitive damages.

The original complaint did not allege that the defendants wrongfully, wilfully or maliciously breached the reorganization agreement.

Subsequent to the filing of the original complaint, defendant KDI Corporation filed a bankruptcy petition under chapter XI of the Federal Bankruptcy Act in the United States District Court in Ohio. On April 17, 1972, the trial court herein entered an order enjoining the instant proceedings pending disposition of the bankruptcy cause. The plaintiffs' claim was scheduled in the bankruptcy case and plaintiffs had notice thereof but it appears that plaintiffs failed to appear therein. On June 6, 1973, a discharge order was entered in Federal court. Subsequently, the notice of the discharge in bankruptcy was served upon the plaintiffs, which provided in pertinent part:

"\* \* \* any judgment heretofore or hereafter obtained in any other Court is null and void as a determination of the personal liability of the Debtor (KDI) with respect to any of the following:

(a) debts not excepted from discharge under subdivision (a) of Section 17 of the Bankruptcy Act;

(b) debts discharged under paragraph (2) of subdivision (c) of Section 17 of the Bankruptcy Act;

(c) debts determined to be discharged under paragraph (3) of subdivision (c) of Section 17 of the Bankruptcy Act."

The notice of discharge further provided that any creditor who claimed that its debt was not dischargeable was required to file an application in the bankruptcy court for a determination of dischargeability within a specified time and that failure to file such an application would result in discharge of the debt. It appears that after being notified plaintiffs did not file an application for determination by the bankruptcy court as to the dischargeability of their claim under the provisions of section 17(c)(2) of the Bankruptcy Act. 11 U. S. C. § 35(c)(2)(1971).

On February 14, 1974, the defendants moved the trial court to dismiss the original complaint, based upon a certified copy of the discharge order entered by the bankruptcy court on June 6, 1973. The plaintiffs

opposed this motion, stating that their original complaint stated a cause of action within the purview of section 17(a)(8) of the Bankruptcy Act, which provides:

"§ 17. Debts Not Affected by a Discharge. (a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (8) are liabilities for wilful and malicious injuries to the person or property of another * * *."

The plaintiffs further alleged that their claim was unaffected by the discharge order by reason of section 17(c)(2) which excuses a claimant from filing in a bankruptcy proceeding an application for a determination of dischargeability of a debt which comes under section 17(a)(8) of the Bankruptcy Act if (a) a right to trial by jury exists for such a claim based on such debt; (b) an action had been commenced prior to the institution of the bankruptcy proceedings; and (c) a trial by jury had been timely requested.

Subsequent to the filing of the motion to dismiss, the plaintiffs sought to amend the complaint and on June 5, 1974, the trial court denied defendants' motion to dismiss the original complaint and allowed the plaintiffs to file, *instanter*, their amended complaint. The amendment to the complaint realleged certain paragraphs of the three counts of the original complaint and then added to the original three counts, respectively, that the defendants wilfully and maliciously breached the December 8, 1969, agreement, wilfully and maliciously injured the reputation of Sterling W. Pelton and wilfully and maliciously failed to make a certain bank deposit of $20,000. On September 25, 1974, the trial court again denied the motion to dismiss the complaint and the amendment thereto. The bases for the court's denial of the motion to dismiss the complaint and the amended complaint are, first, that the original complaint stated a cause of action within section 17(a)(8) of the United States Bankruptcy Act; and, second, that the amended complaint related back to the time of the filing of the original complaint and was, therefore, not affected by the discharge order in the bankruptcy court.

The issues, therefore, presented to this court in this interlocutory appeal are whether the trial judge erred in finding that the original complaint did, in fact, state a cause of action within the meaning of section 17(a)(8) of the Bankruptcy Act of the United States and, secondly, whether the trial court erred in finding the amended complaint, filed after the discharge in bankruptcy, related back to the date of the filing of the original complaint for purposes of section 17(c)(2) of the Bankruptcy Act.

■■ We consider first whether the original complaint did state a cause

of action under the provisions of section 17(a)(8) of the Bankruptcy Act in that the discharge in bankruptcy was not a bar to a remedy available under the laws of the State of Illinois as being a claim "for wilful or malicious injuries to the person or property of another * * *." If the original complaint did so state a cause of action, then plaintiffs will be excused from the requirement of filing an application for a determination of dischargeability under the second sentence of section 17(c)(2) of the Bankruptcy Act. As we have pointed out above, at no time was the action of the defendant described in the complaint as being either wilful or malicious or oppressive. Plaintiffs contend that a claim for punitive damages warrants the conclusion that the claim is based upon wilful and malicious actions on the part of the defendant. This issue was squarely presented in the case of *Wallace v. Prudential Insurance Co.* (1973), 12 Ill.App.3d 623, 629-30, 299 N.E.2d 344, 348-49, where the court stated:

> "Plaintiff's complaint involved an action in contract for alleged interim insurance coverage, with a prayer for both compensatory and punitive damages. The defendant alleges that the prayer for punitive damages has no basis in either Illinois statutory or common law. The law on this subject is quite clear—exemplary or punitive damages are *not* to be allowed in actions for breach of contract. [Citations.] In *Miller v. Board of Education* (1968), 98 Ill.App.2d 305, 240 N.E.2d 471, the court held that an elementary school teacher under contract who was wrongfully discharged was *not* entitled to an award for punitive damages.
>
> This rule does not obtain, however, in those exceptional cases where the breach amounts to an independent, willful tort, in which event exemplary damages may be recovered under *proper allegations* of malice, wantonness, or oppression. [Citation.] The case at bar is not an exception to the general rule. Other than making a prayer for punitive damages, plaintiff did not attempt to allege facts which would bring this claim for punitive damages under any recognized tort theory."

In *Ash v. Barrett* (1971), 1 Ill.App.3d 414, 418, 274 N.E.2d 149, 152, we stated, in quoting 22 Am.Jur.2d *Damages* § 245 (1965), that:

> "The rule being that punitive damages are permissible in exceptional cases for a breach of contract when the breach amounts to an independent wilful tort"

and concluded, in substance, that:

> "The rule in Illinois is that in an action for a breach of contract there can be no claim for punitive damages. *Hayes v. Moynihan* (1869), 52 Ill. 423, 426." 1 Ill.App.3d 414, 419, 274 N.E.2d 149, 153.

Likewise, in 25 C.J.S. *Damages* § 120, pages 1126-28 (1966), it is said:

"As a general rule  *  *  *  exemplary damages are not recoverable in actions for the breach of contracts, irrespective of the motive on the part of defendant which prompted the breach  *  *  *. No more can be recovered as damages than will fully compensate the party injured.  *  *  *"

"[W]here the acts constituting a breach of contract also amount to a cause of action in tort, there may be a recovery of exemplary damages upon proper allegations and proof. As sometimes stated, exemplary damages are recoverable for a tort committed in connection with, but independently of, the breach of contract, where the essentials of an award of such damages are otherwise present, the allowance of such damages being for the tort and not for the breach of contract. In order to permit a recovery, however, the breach must be attended by some intentional wrong, insult, abuse, or gross negligence which amounts to an independent tort."

■■ We therefore conclude, as did the court in *Wallace v. Prudential Insurance Co.*, that a mere prayer for punitive damages in a complaint is not sufficient to convert a complaint for breach of contract into a complaint alleging malice, wantonness or oppression so as to bring it within the purview of section 17(a)(8). As in *Wallace*:

"Other than making a prayer for punitive damages, plaintiff did not attempt to allege facts which would bring this claim for punitive damages under any recognized tort theory." (12 Ill.App.3d 623, 630, 299 N.E.2d 344, 349.)

While it is true that in exceptional cases a breach of contract action may also involve tortious conduct based on wilful and wanton acts, those acts must be alleged so that it may be determined that the cause of action is in fact based upon tortious conduct warranting imposition of punitive damages.

Having determined the original complaint herein failed to state a cause of action based on wilful and malicious injuries to the person or property of another within the meaning of section 17(a)(8) of the Bankruptcy Act, we turn then to the second question presented to us which is whether or not the amendment of the complaint relates back to the date of the filing of the original complaint. Section 17(c)(2) of the Bankruptcy Act provides:

"(2) A creditor who contends that his debt is not discharged under clause (2), (4), or (8) of subdivision (a) of this section must file an application for a determination of dischargeability within the time fixed by the court pursuant to paragraph (1) of subdivision (b) of section 32 of this title and, unless an application

is timely filed, the debt shall be discharged. Notwithstanding the preceding sentence, no application need be filed for a debt excepted by clause (8) if a right to trial by jury exists and any party to a pending action on such debt has timely demanded a trial by jury or if either the bankrupt or a creditor submits a signed statement of an intention to do so."

Defendant contends, and the trial court has certified to us, the following question:

"Whether the Amendment to Complaint heretofore filed herein by Plaintiffs relates back to the date of filing of the original Complaint herein for purposes of determining whether such Amendment to Complaint is barred by the Order of Discharge heretofore entered by the United States District Court for the Southern District of Ohio, Western Division, in connection with certain bankruptcy proceedings under Chapter XI of the Bankruptcy Act involving Defendant, KDI Corporation."

We are at this point therefore presented with the question of whether or not, under the provisions of section 46(2) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 46(2)) the amendments to the original complaint may be held to relate back to the date of the filing of the original complaint so as to allege wilful and malicious injuries under the provisions of section 17(a)(8) and bring plaintiffs' claim within the second sentence of section 17(c)(2) of the Bankruptcy Act. There is no question but that if plaintiffs had in fact properly alleged a wilful and malicious injury to person or property on the part of the defendant, had demanded a jury trial and had the cause been pending, that in such a situation the plaintiff would be excused by the second sentence of section 17(c)(2) of the Bankruptcy Act from the requirement that he file an application for a determination of dischargeability.

Section 46 of the Civil Practice Act provides for the amendments to pleadings. Defendants contend that an amendment to a complaint relates back only for the purpose of preserving the cause of action where the statute of limitations may have run.

Section 46 of the Civil Practice Act provides the only method by which a pleading may be amended and relate back to the time of the filing of the original pleading. Close examination of section 46(2) allowing the amendments and the relating back thereunder is limited in that:

"\* \* \* any amended pleading shall not be barred by lapse of time under any statute or contract \* \* \* if the time prescribed or limited had not expired when the original pleading was filed \* \* \* *and for that purpose only,* an amendment to any plead-

ing shall be held to relate back to the date of the filing of the original pleading so amended." (Emphasis added.)

No Illinois statute of limitations is at issue here. The question then arises as to whether or not the amendment to the complaint herein related back to the time of filing the original complaint where the purpose of the amendment is to preserve the claim of the plaintiff under the Bankruptcy Act prior to the adjudication of discharge of the bankrupt and prior to the amendment to the complaint alleging wilful and malicious conduct. There are no other provisions under our rules of practice for the amendment of a complaint and the relating back thereof to the date of filing other than this provision.

■■ We therefore conclude that section 46(2) of the Civil Practice Act allows an amended pleading to relate back to the time of the filing of the original complaint to avoid the bar of the statute of limitations in the circumstances set forth in that section and for that purpose only. Therefore, the amendment of the complaint herein to allege that the conduct of the plaintiffs previously complained of was wilful and malicious does not relate back to the filing of the original complaint. Having so held, we find that the original complaint failed to state a cause of action for wilful and malicious conduct under the provisions of section 17(a)(8) of the Bankruptcy Act and that the amendment to the complaint filed after the discharge in bankruptcy of the defendant does not relate back to the filing date of the original complaint so as to allege a wilful and malicious act within the meaning of said statute.

The order of the trial court denying defendants' motion to dismiss is reversed.

Reversed.

SEIDENFELD, P. J., and HALLETT, J., concur.