MARY OCHOA *et al.*, Plaintiffs-Appellants, *v.* THOMAS MALONEY *et al.*, Defendants-Appellees.

First District (5th Division)   No. 78-1052

Opinion filed March 2, 1979.

Fennerty & Moscovitch, of Chicago (James Fennerty, of counsel), for appellants.

Burke, Weber and Egan, of Chicago (Edward J. Egan, of counsel), for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this appeal, the issues presented by plaintiffs are whether the trial court acted improperly in dismissing their complaint and denying them leave to amend, and whether they should be granted leave to file an amended complaint in this court.

The record discloses that Raul Gonzales was convicted of murder and sentenced to a term of 25-50 years following which his mother, Mary Ochoa, retained the legal services of defendants and paid them $3,500 to appeal her son's conviction. A notice of appeal was filed and subsequently this court dismissed the appeal for want of prosecution. Defendants were then sued by plaintiffs, who alleged in count I of their complaint that Mary Ochoa had retained defendants to prosecute Raul's appeal and paid them a fee of $3,500; that the appeal was dismissed when defendants failed to timely file a brief and abstract; that after the dismissal, defendant Richard Devine sent a letter to Raul stating that he was preparing a brief and that a copy would be forwarded to Raul; and that because the appeal was not handled by defendants in a manner commensurate with the standards and practices of the legal profession, Raul's right to appeal was lost. Plaintiffs asked for judgment in the amount of $3,500 and $500,000 in punitive damages.

Count II incorporated by reference the allegations of count I and further alleged that defendants, with intent to defraud and deceive, conspired to falsely represent that they would pursue Raul's appeal; that relying on the representation plaintiffs were induced to pay $3,500 to defendants and, by reason of the fraudulent and deceitful representations of defendants, they were defrauded of $3,500. As in count I, plaintiffs asked judgment in the amount of $3,500 and $500,000 in punitive damages.

Certain portions of plaintiffs' complaint were stricken by order of the trial court, and plaintiffs' motion to vacate that order was pending when,

on defendants' motion in this court, Raul's appeal was reinstated and defendants were directed to and did deposit with the clerk of this court the $3,500 fee they had received. On motion of Raul's mother, we have since ordered that the money be returned to her.

Thereafter, the trial court allowed a motion of defendants to dismiss plaintiffs' complaint, finding that the allegations of count I, sounding in breach of contract and legal malpractice, were premature and that count II, sounding in fraud, did not state a cause of action. From that order, which included a denial of their motion for leave to amend the complaint, plaintiffs brought this appeal.

In the instant appeal, we denied a motion for leave to file a proposed amended complaint. Subsequently, in the prior appeal, we affirmed Raul's criminal conviction in *People v. Gonzales* (1978), 67 Ill. App. 3d 215, 384 N.E.2d 788.

OPINION

■■ As noted above, in each of the two counts of the original complaint, plaintiffs asked judgment for $3,500 and punitive damages. During oral argument in this appeal, plaintiffs admitted that because of changed circumstances—the reinstatement of the appeal, the return of the fee and affirmance of Raul's conviction—they had no cause of action under the allegations in either count of the original complaint because compensatory damages were no longer recoverable. We agree, and it follows that they were not entitled to punitive damages as such may not be awarded in the absence of actual or compensatory damages. *Tonchen v. All-Steel Equipment, Inc.* (1973), 13 Ill. App. 3d 454, 300 N.E.2d 616.

■■ Moreover, it is the rule in Illinois that in an action for breach of contract there can be no claim for punitive or exemplary damages unless the breach amounts to an independent wilful tort. (*Ash v. Barrett* (1971), 1 Ill. App. 3d 414, 274 N.E.2d 149.) In *Illinois Sterling, Inc. v. KDI Corp.* (1975), 33 Ill. App. 3d 666, 338 N.E.2d 51, the court quoted from 25 C.J.S. *Damages* §120, at 1126-28 (1966), as follows:

" 'As a general rule * * * exemplary damages are not recoverable in actions for the breach of contracts, irrespective of the motive on the part of defendant which prompted the breach * * *. No more can be recovered as damages than will fully compensate the party injured. * * *'

'[W]here the acts constituting a breach of contract also amount to a cause of action in tort, there may be a recovery of exemplary damages upon proper allegations and proof. As sometimes stated, exemplary damages are recoverable for a tort committed in connection with, but independently of, the breach of contract, where the essentials of an award of such damages are otherwise

present, the allowance of such damages being for the tort and not for the breach of contract. In order to permit a recovery, however, the breach must be attended by some intentional wrong, insult, abuse, or gross negligence which amounts to an independent tort.'" 33 Ill. App. 3d 666, 671, 338 N.E.2d 51, 54.

The *Illinois Sterling, Inc.* court held that a mere prayer for punitive damages in a complaint will not support a claim for punitive damages in a breach of contract action, as facts must be alleged from which it may be determined that the claim is based upon some recognized tort theory. See also *Wallace v. Prudential Insurance Co.* (1973), 12 Ill. App. 3d 623, 299 N.E.2d 344, where the court, after stating the general rule that punitive damages are not to be allowed in actions for breach of contract, said:

"This rule does not obtain, however, in those exceptional cases where the breach amounts to an independent, willful tort, in which event exemplary damages may be recovered under *proper allegations* of malice, wantonness, or oppression. [Citation.]" 12 Ill. App. 3d 623, 629-30, 299 N.E.2d 344, 349.

In the instant case, counts I and II contain a prayer for punitive damages, but no allegations are made to bring this claim under any recognized tort theory. In view thereof and in the light of plaintiffs' agreement that compensatory damages were no longer recoverable under the allegations of either count, we hold that neither sets forth a cause of action and that the trial court properly dismissed the action. Additionally, we see no merit in plaintiffs' contention that the trial court should have granted them leave to amend. It is not an abuse of discretion to deny leave to amend a pleading where the proposed amendment is not submitted to the trial court. (See *Austin Liquor Mart, Inc. v. Department of Revenue* (1972), 51 Ill. 2d 1, 280 N.E.2d 437; *Zamouski v. Gerrard* (1971), 1 Ill. App. 3d 890, 275 N.E.2d 429.) While plaintiffs asked leave to amend, they submitted no proposed amendment to the trial court.

Plaintiffs next ask that we reconsider the denial of their motion presented here to amend the complaint. Initially, it should be noted that by appealing the dismissal of the original complaint without having presented an amendment in the trial court, plaintiffs elected to stand on the complaint. (*Coffey v. MacKay* (1972), 2 Ill. App. 3d 802, 277 N.E.2d 748.) They argue, however, that they should now be permitted to file the amended complaint, as:

"The original complaint must be amended because it no longer reflects the circumstances of the case. That complaint was structured around the Plaintiffs' loss of their right to a criminal appeal. But with the subsequent reinstatement of that appeal, the nature of the case has obviously changed somewhat, and the complaint must coincide with this."

This statement inaccurately views the appeal as the right of both plaintiffs when in fact only Raul possessed the right to appeal his conviction, and the situation is not changed by the fact that Mary arranged with defendants to represent Raul on his appeal. Moreover, we note that because the changed circumstances referred to by plaintiffs predated the trial court's dismissal of the original complaint, the proposed amended complaint could have been presented for filing in that court. Nonetheless, because of the unusual nature of the circumstances surrounding this matter, we believe the interests of justice require the reconsideration of our denial of leave to amend. See Ill. Rev. Stat. 1977, ch. 110A, pars. 362, 366.

In count I of the proposed amended complaint, plaintiffs alleged that defendants breached their agreement to prosecute Raul's appeal and that, although the appeal has now been reinstated, they were damaged as a consequence of the breach "in the amount of $100,000—being the sum of (1) the interest from the plaintiffs' fee; (2) the resultant expenses caused by this breach; (3) the loss suffered by Raul Gonzales as a result of the delay of his appeal; and (4) the loss to Mary Ochoa as a result of the delay in her son's appeal. Count II realleged the allegations of count I and also asserted that defendants, intending to deceive and defraud plaintiffs, had falsely represented they would pursue the appeal; that they knowingly concealed the dismissal thereof; that after its dismissal they fraudulently represented that they were preparing the appeal; and that plaintiffs relied on such statements to their damage in the amount of $1,000,000 "being the sum of $500,000 compensatory damages and $500,000 punitive damages." Count III, in much the same terms as count II of the original complaint, alleged that defendants' malpractice resulted in the dismissal of the appeal which "was not reinstated until well after this suit was commenced" with the result that they were injured in the amount of $500,000.

In support of our initial denial of leave to file the proposed amended complaint, defendants maintain that in none of its counts was a cause of action stated. They argue that in view of the affirmance of Raul's conviction and the return of the fee, plaintiffs have suffered no actual damage, and whether they might have a claim of damage in the future would depend upon whether Raul's conviction is reversed by the highest court to which it may be appealed.

It should be noted that the affirmance of Raul's conviction in the prior appeal occurred after the briefs were filed in the instant appeal but before the oral arguments. Because of this affirmance, the return of the fee and the fact that the public defender completed the appeal at no cost to plaintiffs, it is the contention of defendants that each count of the proposed amended complaint fails to state a cause of action because,

among other things, the allegations do not support any award of actual or compensatory damages. To the contrary, plaintiffs point out that all three counts assert recoverable compensatory damages in their claim for interest on the fee while it was held by defendants. They have admitted that this claim for interest is the only allocation in the proposed complaint which would support an award of compensatory damages.

■ It is a general rule in Illinois that interest is not recoverable unless provided for by agreement of the parties or by statute. (*Gonzalez v. Danaher* (1975), 30 Ill. App. 3d 992, 332 N.E.2d 603.) Here, there was no agreement for the payment of interest nor have plaintiffs pointed out any statute, and we have found none, under which they would be entitled to interest.

■ While there are decisions holding that a court of equity may award interest where circumstances require it to do justice between the parties (*Galler v. Galler* (1975), 61 Ill. 2d 464, 336 N.E.2d 886; *McKey v. McCoid* (1921), 298 Ill. 566, 132 N.E. 233; *Loy v. Booth* (1974), 16 Ill. App. 3d 1077, 307 N.E.2d 414), such decisions, however, concerned situations involving actual or constructive fraud. An examination of the proposed complaint in the instant case discloses that the allegations of fraud appearing only in count II do not state a cause of action. The essential elements of an action in common law fraud are that there must be an untrue statement of a material fact believed and relied upon to his detriment by the party to whom the statement is made, and that the untrue statement was made to induce such action. (*Metro-Goldwyn-Mayer, Inc. v. Antioch Theatre Co.* (1977), 52 Ill. App. 3d 122, 367 N.E.2d 247.) In Illinois, it is established that:

> " 'A misrepresentation relating to something to be done in the future does not constitute such fraud in law as will give rise to the recovery of damages in an action for fraudulent misrepresentation. The fraud must be complete at the time of the transaction and consequently cannot be based upon an intention to commit a fraud in the future. [Citation.] A fraudulent misrepresentation which induces a person to action must be based upon a present or past fact and cannot rest upon a false promise to do something in the future even though accompanied by an intention not to perform. [Citation.]' " (*Metropolitan Sanitary District v. Anthony Pontarelli & Sons, Inc.* (1972), 7 Ill. App. 3d 829, 841-42, 288 N.E.2d 905, 913.)

In count II of the proposed complaint plaintiffs allege, as they did in the original complaint, that the fee was paid in exchange for the promise to prosecute the criminal appeal and that subsequent to the payment and after the appeal was dismissed, defendants reported that they would file a brief. Thus, they have alleged that defendants falsely promised to do

something in the future, which is not the basis for an action in fraud even though accompanied by an intention not to perform. (*Metropolitan Sanitary District v. Anthony Pontarelli & Sons, Inc.*) The mere fact that they also alleged in the proposed pleading that they "believed in and justifiably relied upon these representations" does not, in our opinion, alter the future character of the promise.

■■ In view of the foregoing, we are of the opinion that no cause of action has been stated in any count of the proposed amended complaint, and we adhere to our previous ruling denying leave to file it.

It should be noted that nothing in this opinion is intended to foreclose any right of action plaintiffs may have if Raul's conviction is reversed and not reestablished.

For the reasons stated, the judgment appealed from is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.