CLIFFORD-JACOBS FORGING COMPANY, Plaintiff-Appellee, *v.* CAPITAL
ENGINEERING & MFG. CO., Defendant-Appellant.

Fourth District    No. 17569

Opinion filed June 15, 1982.—Rehearing denied July 20, 1982.

John T. Phipps, of Phipps & Evans, P. C., of Champaign, for appellant.

William L. Hatch, of Hatch, Blockman & McPheters, of Champaign, for
appellee.

JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from an order of the circuit court of Champaign
County which granted plaintiff summary judgment on its complaint
seeking the recovery of amounts allegedly owing under a contract for the
sale of specially manufactured goods. We affirm the trial court's order.

The complaint alleged that on March 5, 1979, plaintiff received from defendant a "purchase order" form offering to buy substantial quantities of forged parts from plaintiff for use in a defense contract which defendant had been awarded by the Federal Government. The purchase offer listed estimates of prices and quantity and requested delivery within 12 to 46 weeks. Contained in the offer was a provision relative to the pricing of the goods which stated:

> "If Seller's prices are higher than herein specified, Buyer must be so advised before shipment. If no prices are specified, goods will be billed at not more than the prices last quoted to or paid by Buyer, or at the prevailing market prices, whichever is lower."

On March 22, 1979, Clifford-Jacobs responded to the offer by means of a standard "acceptance" form which listed the goods requested, their price, and estimated completion and delivery dates. The form stated that it was accepted for production in accordance with the terms on the reverse side of the form, and that those terms were to be a part of the contract between the parties. On the reverse side of plaintiff's acceptance form, paragraph 2, which is the subject of the instant dispute, provided:

> "Prices stated herein are based on current labor, material, and overhead costs and, if any changes occur in such costs at any time prior to shipment, prices may be adjusted by the seller to reflect such cost changes. If such adjustments are not mutually satisfactory, either party may cancel on terms set forth in paragraph 10. Prices are only for the quantities indicated, for production and shipment in one lot or as near thereto as the seller's production makes possible. Unless otherwise stated, all forging prices are based upon one set up and mill steel prices."

Several shipments were made by plaintiff in the year 1979, but in September of that year defendant was notified that shipments on or after October 15, 1979, would be subject to a general 7.2 percentage price increase. The complaint alleged the delivery of $135,805.49 of forgings following the price increase and prayed for damages and interest on the amounts owing under the contract. Defendant subsequently tendered payment of $121,423.88, following which plaintiff moved for summary judgment to recover the remainder of amounts alleged to be due under the contract. On August 10, 1981, the trial court granted plaintiff summary judgment. The court reasoned that plaintiff's paragraph 2 became a part of the parties' agreement since the acceptance was conditional on assent to the different terms, and the defendant had assented to the terms. The court also concluded that defendant's contract was not in conflict with plaintiff's provision on price increases.

The narrow question presented is whether plaintiff's paragraph 2 became a part of the parties' contractual agreement. Both parties agree

the resolution of this question is controlled by section 2—207 of the Uniform Commercial Code (Ill. Rev. Stat. 1979, ch. 26, par. 2—207). Section 2—207 provides:

"Additional Terms in Acceptance or Confirmation. (1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

(2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:

(a) the offer expressly limits acceptance to the terms of the offer;

(b) they materially alter it; or

(c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

(3) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this Act."

■■ The aim of section 2—207 seems clear. It rejected the "mirror acceptance rule" which theretofore required strict acceptance on the terms proposed by the offeror and made provision for additional and different terms if the offeree's acceptance deviated from the terms of the offer. (See Ill. Ann. Stat., ch. 26, par. 2—207, Illinois Code Comment, at 149-50 (Smith-Hurd 1963).) Under section 2—207 an acceptance if "definite and seasonable" operates as an acceptance even though containing terms additional to or different from the original offer. (J. White & R. Summers, Uniform Commercial Code sec. 1—2, at 27 (2d ed. 1980).) The acceptance will be considered a counteroffer only if the acceptance is *expressly* made conditional on *assent* to the additional terms. This provision of the statute has been construed narrowly to apply only to an acceptance which clearly shows that the offeree is unwilling to proceed absent assent to the additional or different terms. See *McCarty v. Verson Allsteel Press Co.* (1980), 89 Ill. App. 3d 498, 411 N.E.2d 936; *Dorton v. Collins & Aikman Corp.* (6th Cir. 1972), 453 F.2d 1161.

At bar, the acceptance by plaintiff was not expressly conditional on assent to the additional terms. The acceptance of plaintiff operated to

form a contract and the term on price, contained in plaintiff's acknowledgment, is thus either in addition to the contract or a different term. If the provision is an addition, and not a material alteration, it will become a part of the contract (Ill. Rev. Stat. 1979, ch. 26, par. 2—207(2)(b)), but contrawise if it is a material alteration or actually a different provision. At bar, we believe plaintiff's provision on prices to be an addition, and not a different term of the contract.

The parties' forms both contained provisions relative to prices higher than quoted, and from a comparison of the two it is apparent that they are not in conflict or different. Plaintiff's price term contemplated a price increase as did defendant's, and neither term prohibited the increase in the manner attempted by plaintiff.

Viewed as an addition to the contract, we arrive at the central inquiry: whether plaintiff's price term was a material alteration of the parties' agreement. Comments 3 through 5 of section 2—207 offer some guidance on this question. The comments to section 2—207 explain:

> "3. Whether or not additional or different terms will become part of the agreement depends upon the provisions of subsection (2). If they are such as materially to alter the original bargain, they will not be included unless expressly agreed to by the other party. If, however, they are terms which would not so change the bargain they will be incorporated unless notice of objection to them has already been given or is given within a reasonable time.
>
> 4. Examples of typical clauses which would normally 'materially alter' the contract and so result in surprise or hardship if incorporated without express awareness by the other party are: a clause negating such standard warranties as that of merchantability or fitness for a particular purpose in circumstances in which either warranty normally attaches; a clause requiring a guaranty of 90% or 100% deliveries in a case such as a contract by cannery, where the usage of the trade allows greater quantity leeways; a clause reserving to the seller the power to cancel upon the buyer's failure to meet any invoice when due; a clause requiring that complaints be made in a time materially shorter than customary or reasonable.
>
> 5. Examples of clauses which involve no element of unreasonable surprise and which therefore are to be incorporated in the contract unless notice of objection is seasonably given are: a clause setting forth and perhaps enlarging slightly upon the seller's exemption due to supervening causes beyond his control, similar to those covered by the provision of this Article on merchant's excuse by failure of presupposed conditions or a clause fixing in advance any reasonable formula of proration under such circumstances; a clause fixing a reasonable time for complaints within customary

limits, or in the case of a purchase for sub-sale, providing for inspection by the sub-purchaser; a clause providing for interest on overdue invoices or fixing the seller's standard credit terms where they are within the range of trade practice and do not limit any credit bargained for; a clause limiting the right of rejection for defects which fall within the customary trade tolerances for acceptance 'with adjustments' or otherwise limiting remedy in a reasonable manner [citations]." Ill. Ann. Stat., ch. 26, par. 2—207, Uniform Commercial Code Comment, at 153 (Smith-Hurd 1963).

These comments indicate that while certain clauses would normally be considered a material alteration, a finding of material alteration is dependent upon whether the addition constitutes an unreasonable surprise to one of the bargaining parties. Generally, the issue of a material alteration should not be resolved on a motion for summary judgment since the issue of whether the clause constitutes an unreasonable surprise is simply a corollary question to an ascertainment of the parties' bargained agreement. See *Ebasco Services, Inc. v. Pennsylvania Power & Light Co.* (E.D. Pa. 1975), 402 F. Supp. 421, which held: Issue of whether no limitation on consequential damages in acceptance constituted material alteration to be resolved upon review of facts and circumstances surrounding multi-million-dollar transactions and not on motion for summary judgment.

■■ Here, however, we believe that defendant's provisions on prices warrant a conclusion, as a matter of law, that no unreasonable surprise occurred. This is necessarily so because defendant's inclusion of his term on prices was not in conflict and was in agreement with plaintiff's term on prices. In this situation there could be no unreasonableness or surprise when plaintiff's increase sought to effectuate a term upon which both parties' contracts were in agreement. We thus hold that plaintiff's provision on prices was an addition but not a material alteration and became a part of the parties' agreement.

■■ Defendant next argues that the sufficiency of the notice presented a question of fact to preclude summary judgment. The standard for summary judgment is clear. It should be granted only when the pleadings, depositions, and admissions, together with any affidavits, show that there is no genuine issue as to a material, and that the movant is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1979, ch. 110, par. 57.) Summary judgment in this case is an appropriate procedure since the question involved was one of a construction of the language in the contract of the parties. (*Bates v. Select Lake City Theater Operating Co.* (1979), 78 Ill. App. 3d 153, 397 N.E.2d 75.) Based on our construction of paragraph 2, we conclude that plaintiff's notice was adequate.

Plaintiff's provision on prices does not require a specific notice to be

forwarded in a prescribed manner, but only that the increase must occur before shipment, and the defendant must be given an opportunity to cancel. While this paragraph and defendant's price term require notice to defendant before shipment, defendant was given notice of the price increase of 7.2% one month before the shipments and the amount plaintiff is seeking to recover was alleged by affidavit, to be this additional increase. This is not denied by defendant. We hold that the trial court was correct in concluding that no factual question remained on the issue of the notice's sufficiency under the contract between the parties.

For the foregoing reasons, the order of the trial court granting plaintiff summary judgment is affirmed.

Affirmed.

GREEN, P. J., and WEBBER, J., concur.