MARY CERNIGLIA, Plaintiff-Appellant, v. KENNETH H. FARRIS *et al.*,
Defendants-Appellees.

Fourth District No. 4—87—0095

Opinion filed September 17, 1987.

Brian T. Otwell, of Presney, Kelly & Appleton, of Springfield, for appellant.

Heyl, Royster, Voelker & Allen, of Springfield (John A. Ess and Michael C. Upperman, of counsel), for appellees Kenneth H. Farris and Evelyn J. Farris.

Robert J. Eggers, of Holley, Keith & Huntley, of Springfield, for appellee Georgianna Cooper.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff, Mary Cerniglia, brought this action in the circuit court of Sangamon County on January 7, 1986. She sought to recover for injuries sustained in a fall January 10, 1984, at the residence of her daughter, Georgianna Cooper (Cooper). Named as defendants were Kenneth Farris and Evelyn Farris (Farrises), alleged lessors of the premises, and Cooper. The circuit court granted the Farrises' motion for summary judgment and allowed Cooper's motion to dismiss count III. Plaintiff appeals, contending a genuine issue of material fact ex-

ists precluding summary judgment. She also claims the trial court erred in granting Cooper's motion to dismiss. We affirm.

On January 7, 1986, plaintiff filed a three-count complaint in the circuit court of Sangamon County. She sought recovery for injuries sustained January 10, 1984, when she fell down a stairway at Cooper's leased residence in Springfield. On September 19, 1986, the court granted the Farrises' motion for summary judgment on counts I and II filed pursuant to section 2—1005 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005). Cooper's supplemental motion to dismiss count III was allowed December 17, 1986. Plaintiff filed her notice of appeal January 15, 1987.

Count I of the verified complaint, directed to Kenneth Farris (Kenneth), alleged Kenneth owned the premises in question and leased it to Cooper. Plaintiff stated she "had an occasion" to visit Cooper on January 10, 1984. Two doors, separated by a stairway and a breezeway, provided egress from the residence. While exiting the inner door, plaintiff fell down the stairway and was injured.

Plaintiff alleged Kenneth owed her a duty to maintain the leased premises in a reasonably safe manner. She alleged he failed to provide adequate lighting and safety railings on the stairway, failed to maintain the exit in a reasonably safe manner, allowed the carpeting on the stairs and approach to reach a state of disrepair creating an unreasonably dangerous condition, and failed to warn plaintiff and others of the alleged dangerous and latent condition. Count II was directed to Evelyn Farris (Evelyn) and repeated the allegations of count I.

Plaintiff's third count, directed toward Cooper, alleged Cooper owed a duty to plaintiff "to maintain her leasehold in a reasonably safe manner." She alleged Cooper allowed inadequate stairway lighting, failed to maintain the exit in a reasonably safe manner, allowed the carpeting on the stairs and approach to reach a state of disrepair creating an unreasonably dangerous condition, and failed to warn plaintiff and others of the dangerous latent condition.

In the Farrises' answer filed February 7, 1986, and amended July 29, 1986, Kenneth denied he owned or leased the property. Evelyn admitted she was owner and lessor. The Farrises denied all other allegations of the complaint and filed an affirmative defense alleging plaintiff's comparative fault.

Cooper's "Supplemental Motion to Dismiss," filed pursuant to section 2—615 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), asserted count III failed to state a cause of action. Cooper stated that as a social visitor, plaintiff was a licensee, to whom Cooper's only

duty was to refrain from wilful and wanton conduct. Since plaintiff failed to allege such conduct, no duty existed as a matter of law.

On September 2, 1986, the Farrises filed a motion for summary judgment pursuant to section 2—1005(b) of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(b)). The Farrises alleged they owed no duty to plaintiff, and attached affidavits in support of their motion. Kenneth's affidavit stated he did not own the premises or lease it to Cooper. He also stated he had no knowledge of any defects in the carpeting, handrails, and light fixtures, which had been installed prior to September 15, 1980, the effective date of Cooper's lease. He stated the premises consisted of a single-family dwelling and he retained no care, custody or control of the premises. Evelyn's affidavit contained the same statements as Kenneth's, though she did not deny ownership of the premises or that she was Cooper's lessor.

Plaintiff filed no response to the motion for summary judgment. Cooper's response opposing summary judgment was filed September 9, 1986. In support of her contention the landlord retained control over the premises, she attached a photocopy of her lease dated September 11, 1980. Cooper based her position on paragraph 3, which states in pertinent part:

"[T]hat no changes or alterations of the premises shall be made or partitions erected, nor walls papered without the consent in writing of said lessor; that said second party [lessee] will make all repairs required to the walls, ceilings, paint, plastering, plumbing work, pipes, and fixtures belonging to said premises, whenever damage or injury to the same shall have resulted from misuse or neglect; and second party agrees to pay for any and all repairs that shall be necessary to put said premises in the same condition as when he entered therein, reasonable wear and loss by fire excepted, and that the expense of such repairs shall be included within the terms of this lease and judgment by confession entered therefor."

Cooper asserted this paragraph showed lessor was to make all repairs required other than those caused by misuse and neglect, and that lessor expressly retained control over alterations. The trial court granted the Farrises' motion for summary judgment.

Summary judgment should be granted only when the pleadings, depositions, and admissions, together with any affidavits, show there is no genuine issue as to a material fact, and that the movant is entitled to judgment as a matter of law. (*Clifford-Jacobs Forging Co. v. Capital Engineering & Manufacturing Co.* (1982), 107 Ill. App. 3d 29, 33, 437 N.E.2d 22, 25.) If the facts admit of more than one con-

clusion or inference, including one unfavorable to the moving party, the motion should be denied. (*Smith v. Rengel* (1981), 97 Ill. App. 3d 204, 206, 422 N.E.2d 1146, 1148.) The court has a duty to construe the evidence strongly against the movant and liberally in favor of opponent. (*Stringer v. Zacheis* (1982), 105 Ill. App. 3d 521, 522, 434 N.E.2d 50, 52.) A reviewing court will reverse the order granting summary judgment if it determines a genuine issue of material fact does exist. *Casteel v. Smith* (1982), 109 Ill. App. 3d 1094, 1098-99, 441 N.E.2d 860, 863.

Plaintiff argues summary judgment is precluded by three factual issues. Those issues are (1) whether the alleged defective conditions were latent or whether the Farrises had constructive knowledge of the defects at the time of leasing; (2) whether the lease implies a duty by lessor to make structural repairs, and whether lessors negligently performed their duties thereunder; and (3) the character of Cooper's tenancy following the expiration of the lease on September 14, 1981. The Farrises argue summary judgment was proper. They contend the lease is not properly in evidence and cannot be employed in review by this court.

■ A lessor is not generally liable for injuries resulting from defective conditions where the premises are wholly demised. (*Gilbreath v. Greenwalt* (1980), 88 Ill. App. 3d 308, 309, 410 N.E.2d 539, 541.) Plaintiff claims this case falls within two of the five exceptions to the general rule of nonliability articulated in *Gilbreath*. One exception applies when a latent defect exists at the time of leasing, which defect is known or should have been known to the lessor in the exercise of reasonable care, and which could not have been discovered upon reasonable examination of the premises by the lessee. The second exception applies where the lessor promises the lessee to maintain the premises in good repair at the time of leasing. (88 Ill. App. 3d 308, 309-10, 410 N.E.2d 539, 541-42.) Plaintiff contends a genuine issue of material fact exists as to whether a latent defective condition was present. Plaintiff asserts the landlord's responsibility for structural repairs under paragraph 3 operates as a promise to maintain sufficient to come within the second exception.

■ We turn first to count II. While it is true Evelyn's affidavit does not address whether she should have known about any alleged defects in the premises, plaintiff argues only half the proposition. The *Gilbreath* exception also requires the defect to be of the kind that could not have been discovered by the lessee upon a reasonable examination of the premises. (88 Ill. App. 3d 308, 309, 410 N.E.2d 539, 541.) Plaintiff failed to allege Cooper could not have discovered the

conditions upon reasonable examination. This exception does not apply.

■ The second exception relied upon by plaintiff involves situations in which lessor promises lessee to maintain the premises in good repair at the time of leasing. There is no affirmative covenant to repair in the lease. The plaintiff claims no oral promise on the part of the lessor as alleged in *Gilbreath*. She relies on a lease provision which she asserts creates an implied duty by the lessor to make structural repairs. There is no implied duty to make structural repairs here. The lease provision simply states lessee cannot make certain changes without obtaining lessor's consent. Furthermore, the term "structural" refers to floors, joists, rafters, walls and partition studs, supporting columns, and foundations. (*Hardy v. Montgomery Ward & Co.* (1971), 131 Ill. App. 2d 1038, 1042, 267 N.E.2d 748, 751.) Assuming the safety railings were attached to the walls, the light fixtures to the ceiling or walls, and the carpeting to the floor, this does not come within the type of fundamental framework contemplated in *Hardy*.

■ The lease charges lessee with making certain wall- or ceiling-related repairs resulting from misuse or neglect. Plaintiff's complaint failed to allege the condition of the stairway did not result from misuse or neglect. The record shows she did not request leave to amend her complaint. She therefore elected to stand on her complaint. (*Ochoa v. Maloney* (1979), 69 Ill. App. 3d 689, 387 N.E.2d 852.) In doing so, she waived her right to amend. *Kurek v. Kavanagh, Scully, Sudow, White & Frederick* (1977), 50 Ill. App. 3d 1033, 365 N.E.2d 1191.

■ ■ The third argument concerns the character of Cooper's tenancy at the time of the occurrence. The lease expired September 14, 1981. There is no evidence in the record of any subsequent agreement altering the terms of the lease. The cases cited by plaintiff do not address the tort liability of a lessor based on the type of tenancy. We find no genuine issue of material fact. We also reject the Farrises' contention that the lease attached to Cooper's response to the motion for summary judgment is not properly part of the record. The Farrises failed to raise this issue below. It is waived. (*Moehle v. Chrysler Motors Corp.* (1982), 93 Ill. 2d 299, 303, 443 N.E.2d 575, 577.) The trial court was correct in granting the motion for summary judgment with respect to count II.

■ Summary judgment as to count I was appropriate. Kenneth's answer as amended and his affidavit stated he neither owned the property nor leased it to Cooper. Plaintiff did not file a counteraffidavit. Failure to file a counteraffidavit does not entitle the movant to

judgment in his favor as a matter of course. However, when an opponent fails to file a counteraffidavit, the facts contained in the movant's affidavits are then accepted as true regardless of any contrary assertions in the opponent's pleadings. (*Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847; *Eberle v. Brenner* (1985), 131 Ill. App. 3d 394, 475 N.E.2d 639.) If the facts in Kenneth's affidavit are taken as true, he did not own or lease the property. Therefore, Kenneth owed no duty to plaintiff as a matter of law and summary judgment was proper. There can be no recovery in tort for negligence unless a defendant has breached a duty to plaintiff. (*Boyd v. Racine Currency Exchange, Inc.* (1973), 56 Ill. 2d 95, 306 N.E.2d 39.) A question is raised by the placement of Kenneth's signature on the lease. Even if we were to conclude he signed as a lessor and not as a witness, his liability would be no more than Evelyn's. Since we conclude Evelyn had no duty to the plaintiff, our result as to count I would be the same.

 █ Plaintiff next argues the dismissal of count III was error since she was lawfully on the premises and a duty of reasonable care exists regardless of her status. Cooper asserts plaintiff was a licensee and the only duty owed was to refrain from injuring plaintiff by wilful and wanton conduct, which plaintiff failed to allege.

In determining the legal sufficiency of a complaint on a motion to dismiss, all well-pleaded facts and reasonable inferences therefrom must be taken as true. (*Wheeler v. Caterpillar Tractor Co.* (1985), 108 Ill. 2d 502, 485 N.E.2d 372.) A reviewing court must determine whether the allegations of the complaint, when interpreted in a light most favorable to plaintiff, are sufficient to set forth a cause of action upon which relief may be granted; however, conclusions of law which are unsupported by facts alleged may be disregarded by the court in ruling on a motion to dismiss. *McCauley v. Chicago Board of Education* (1978), 66 Ill. App. 3d 676, 384 N.E.2d 100.

 Both parties acknowledge the inapplicability of section 2 of the Premises Liability Act (Act) (Ill. Rev. Stat. 1985, ch. 80, par. 302), which abolished the distinction at common law between invitees and licensees as to the duty owed by an occupier or owner of premises. The Act, which imposes a duty of reasonable care under the circumstances, became effective September 12, 1984. The occurrence in question occurred January 10, 1984. We hold the Act is not to be applied retroactively. *O'Donnell v. Electro-Motive Division of the General Motors Corp.* (1986), 148 Ill. App. 3d 627, 499 N.E.2d 608; *Lorek v. Hollenkamp* (1986), 144 Ill. App. 3d 1100, 495 N.E.2d 679; *Grim-*

*wood v. Tabor Grain Co.* (1985), 130 Ill. App. 3d 708, 474 N.E.2d 920.

■■■ In general, a tenant of leased premises, not the owner, is responsible for injuries resulting from a defective condition of the leased premises. (*Hardy v. Montgomery Ward.& Co.* (1971), 131 Ill. App. 2d 1038, 1041, 267 N.E.2d 748, 750.) Plaintiff's complaint states that on the day of the occurrence she "had an occasion" to visit Cooper. She also stated she was lawfully on the premises. Cooper's motion to dismiss states that as a visitor, plaintiff was a social guest.

■■■ A person is an invitee if: (1) he enters the premises of another by express or implied invitation; (2) his entry is connected with the owner's business or with an activity that the owner conducts or permits to be conducted on his land; and (3) there is a mutuality of benefit or a benefit to the owner. A licensee is a person who goes on the premises of another with the owner's express or implied consent, to satisfy his own purposes rather than for mutual benefit or a business purpose. *Grimwood v. Tabor Grain Co.* (1985), 130 Ill. App. 3d 708, 710, 474 N.E.2d 920, 922.

■■■ Invitees may recover if they show the owner has breached a duty of reasonable care in keeping the premises reasonably safe. Licensees are not entitled to recover for injuries sustained on the premises in the absence of a showing of wilful and wanton misconduct. (*Hiller v. Harsh* (1981), 100 Ill. App. 3d 332, 426 N.E.2d 960.) Plaintiff cites *Hiller* for the proposition that as long as she was lawfully on the premises the duty of reasonable care existed. However, the injury in *Hiller* occurred on a stairway in the common area of defendant's building. No allegations in the case at bar have been made that plaintiff was injured in a common area.

■■■ The complaint states Cooper owed a duty to plaintiff to maintain her leasehold in a "reasonably safe" manner. This claim of duty is consistent with that owed to an invitee. However, plaintiff failed to allege facts sufficient to show she was an invitee. The complaint does not tell us whether there was any business purpose involved in this visit, or whether any invitation, either express or implied, was issued to plaintiff to visit Cooper. Moreover, plaintiff failed to allege any wilful or wanton conduct which would result in a duty if she was a licensee. In either case, the complaint fails to allege a duty. The record does not show plaintiff requested leave to amend her complaint. By appealing the dismissal without presenting an amendment in the trial court, plaintiff elected to stand on her complaint. (*Ochoa v. Maloney* (1979), 69 Ill. App. 3d 689, 387 N.E.2d 852.) By electing to stand on her complaint, plaintiff has waived any right she may have to amend. (*Kurek v. Kavanagh, Scully, Sudow, White & Frederick*

(1977), 50 Ill. App. 3d 1033, 365 N.E.2d 1191.) Accordingly, we affirm the dismissal of count III.

The judgment of the circuit court of Sangamon County is affirmed.

Affirmed.

GREEN and LUND, JJ., concur.