GALEN SONS *et al.*, Plaintiffs-Appellants, v. LEO F. TAYLOR *et al.*, Defendants-Appellees (Dennis Taylor *et al.*, Defendants).

Fifth District   No. 5—90—0617

Opinion filed October 9, 1991.

Steven F. Hanagan, of Hanagan & Dousman, of Mt. Vernon, for appellants.

Carl L. Favrau, of Campbell, Black, Carnine & Hedin, P.C., of Mt. Vernon, for appellees.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Plaintiff, Galen Sons, appeals from the entry by the circuit court of Wayne County of an order granting summary judgment in favor of defendants, Leo F. and Lauraine Taylor. We reverse and remand.

On June 3, 1987, plaintiff, an appliance service technician for Sears, Roebuck and Company, was called to service a freezer at a house owned by defendants Leo and Lauraine Taylor and occupied by defendants Dennis and Nancie Taylor. Dennis and Nancie are the son and daughter-in-law of Leo and Lauraine. As plaintiff descended the basement stairs to service the freezer, the second step down split lengthwise causing plaintiff to fall through the stairs. Both of plaintiff's knees were injured requiring bilateral knee replacements. The step which caused plaintiff's fall had been partially carpeted down the center of the stair. It was further revealed that because of the steepness of the stairway, plaintiff had descended the steps one at a time placing both feet on the same step before going to the next one.

Defendants Leo and Lauraine previously lived in the house themselves until the early 1960's. Upon moving out, they rented the residence several times. In the mid 1970's when Dennis and Nancie got married, however, Leo and Lauraine offered the premises to them for as long as they wished to stay. Dennis and Nancie have lived in the house ever since. They pay no rent and have no agreement with Leo and Lauraine as to the use, control, repairs, or maintenance of the house. While Dennis and Nancie have made a few improvements to the house and have done some maintenance, Leo also has paid for or assisted with some of these items. Dennis repaired the stairs after plaintiff's fall.

Leo and Lauraine filed a motion for summary judgment claiming they were immune from liability on the basis of being landlords not in possession of the property. The trial court agreed, finding the relationship between the two sets of defendants to be a tenancy at will

with exclusive possession and control of the premises in Dennis and Nancie. And, because a tenant in possession is liable for injuries sustained by third persons resulting from the failure to keep property in repair, the trial court ruled Leo and Lauraine were entitled to summary judgment.

It is true that, in general, a tenant who is in possession of the premises, and not the owner-landlord, with certain limited exceptions, is liable for injuries sustained by third persons because of a failure to keep the property in repair. (See *Wright v. Mr. Quick, Inc.* (1985), 109 Ill. 2d 236, 238, 486 N.E.2d 908, 909; *Cerniglia v. Farris* (1987), 160 Ill. App. 3d 568, 573-76, 514 N.E.2d 792, 794-96; *Gilbreath v. Greenwalt* (1980), 88 Ill. App. 3d 308, 309-10, 410 N.E.2d 539, 541-42.) The question here then becomes whether Dennis and Nancie were tenants at the time of plaintiff's fall. The trial court thought so. We, on the other hand, believe a genuine issue of material fact exists as to the nature of the relationship between the two sets of defendants. While Dennis and Nancie had verbal permission to use the residence, they had no agreement with Leo and Lauraine as to payments, possession, use, control, repairs, maintenance, or length of use of the house. There simply was no clear evidence that Leo and Lauraine and Dennis and Nancie intended to create a landlord/tenant relationship with the offering and use of the premises. Summary judgment is particularly inappropriate where the intent of the parties is at issue. (See *In re Estate of Jessman* (1990), 197 Ill. App. 3d 414, 419, 554 N.E.2d 718, 720-21; *Beauvoir v. Rush-Presbyterian-St. Luke's Medical Center* (1985), 137 Ill. App. 3d 294, 304, 484 N.E.2d 841, 847; *State Farm Mutual Automobile Insurance Co. v. Short* (1970), 125 Ill. App. 2d 97, 106, 260 N.E.2d 415, 419.) A motion for summary judgment should be granted only when the pleadings, depositions, admissions, and affidavits establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (See *Breeze v. Payne* (1989), 181 Ill. App. 3d 720, 726-27, 537 N.E.2d 453, 458; *Cerniglia*, 160 Ill. App. 3d at 572, 514 N.E.2d at 794.) If the facts admit of more than one conclusion or inference, including one unfavorable to the moving party, the motion should be denied. (*Cerniglia*, 160 Ill. App. 3d at 573-74, 514 N.E.2d at 794.) While use of summary judgment is to be encouraged as an aid in the expeditious disposition of a lawsuit, it is a drastic means of disposing of litigation and should be allowed only when the right of the moving party is clear and free from doubt. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871.) Here that right is not clear and free from doubt. The facts pertaining to the use of the premises admit

of more than one conclusion or inference. Additionally, another genuine issue of material fact exists as to the extent and nature of repairs and maintenance made by both Dennis and Nancie or Leo and Lauraine so as to render either set of parties liable for failure to keep the stairway safe. (See *O'Rourke v. Oehler* (1989), 187 Ill. App. 3d 572, 580, 543 N.E.2d 546, 552; *Seago v. Roy* (1981), 97 Ill. App. 3d 6, 8-9, 424 N.E.2d 640, 642; see also *Wright*, 109 Ill. 2d at 239, 486 N.E.2d at 909.) Under such circumstances, given the record before us, we find that reasonable minds could draw differing inferences and arrive at different conclusions from the facts presented. The existence of such genuine issues of material fact necessarily precludes the granting of summary judgment in this instance. The trial court therefore erred in so doing.

For the aforementioned reasons, we reverse the judgment of the circuit court of Wayne County and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

HARRISON and HOWERTON, JJ., concur.