BANK OF LINCOLNWOOD, Plaintiff-Appellant, *v.* COMDISCO, INC., Defendant-Appellee.

First District (1st Division)   No. 81—2778

Opinion filed December 27, 1982.

Nathan H. Dardick and Ellen J. Barron, both of Dardick & Jadwin, of Chicago, for appellant.

Arthur M. Solomon and Lois Solomon, both of Coles & Griffin, Ltd., of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Bank of Lincolnwood (Bank), sued defendant, Comdisco, Inc. (Comdisco), in a three-count amended complaint for breach of an oral contract to borrow money upon discounted equipment leases (count I), for unjust enrichment (count II), and for misrepresentation (count III). The Bank appeals from the ·dismissal of its amended complaint.

Count I asserts that Comdisco requested meetings to discuss the possibility of obtaining advances from the Bank by discounting the future rental payments of computer equipment leases. Both parties "orally mutually agreed" that advances could be made by discounting the leases at rates to be determined on a later date. This agreement was conditioned upon the acceptance by the Bank of the creditworthiness of each lessee under the lease to be discounted. On or about April 29, 1980, 16 leases were submitted to the Bank by Comdisco. Creditworthiness of the lessees was evaluated by the Bank. On May 2, 1980, the Bank approved the credit of the lessees "under at least" 13 of the leases, such leases to be discounted at a rate of 16%. The Bank and Comdisco negotiated a lower rate of 15½% and, on May 2, 1980, Comdisco accepted the Bank's offer to discount the leases at 15½%. Between May 15, 1980, and June 1, 1980, Comdisco submitted 19 additional leases to the Bank, requesting a discount rate of 13½%. On or about June 1, 1980, the Bank orally confirmed it would discount the leases. Comdisco sent a letter to the Bank, dated June 3, 1980, which recapped the status of "various transactions." After a drop in interest rates, Comdisco requested the 15½% interest rate of the first group of leases be lowered. The Bank refused "to modify its agreement with Comdisco" in that respect. Comdisco then "failed to comply with its obligation to discount" the leases with the Bank.

In count II the Bank incorporates the facts stated in count I and further alleges that Comdisco "wilfully and intentionally" discounted the leases with private investors at lower interest rates, that such actions deprived the Bank of the benefits of its agreement and that Comdisco was unjustly enriched.

Count III includes the facts alleged in both counts I and II and further alleges that Comdisco planned and schemed to benefit from the drop in interest rates and that Comdisco misrepresented its commitment to discount leases with the Bank. Both counts II and III seek compensatory and punitive damages and costs of the litigation.

Attached to the amended complaint is the letter dated June 3, 1980, from Comdisco to the Bank. By its own language, this letter "recap[s] the status of various transactions recently committed to by the Bank of Lincolnwood along with anticipated funding dates." The letter contains a list of 20 leases, the interest rate, estimated proceeds and anticipated funding date for each lease.

Without filing an answer, Comdisco moved to dismiss the amended complaint. Based on section 45 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45), now section 2—615 of the Civil Practice Law (Ill. Rev. Stat. 1981, ch. 110, par. 2—615), the motion attacked the amended complaint as substantially insufficient at law. After hearing arguments, the trial court granted the motion.

■ The Bank contends that a lender has a valid cause of action for breach of contract against a borrower who breaches a commitment to borrow. Comdisco's position is that no such remedy exists. The Bank argues that courts have long recognized that a cause of action exists for recovery against a borrower who fails to honor his commitment to borrow, citing *Walter E. Heller & Co. v. American Flyers Airline Corp.* (2d Cir. 1972), 459 F.2d 896.

Illinois cases appear to be in agreement with the Bank's contention. In *H. F. Philipsborn & Co. v. Suson* (1974), 59 Ill. 2d 465, 322 N.E.2d 45, a borrower deposited promissory notes with a loan application. After the borrower went elsewhere for a loan, the lender sued. In affirming a judgment for the lender on the notes, the supreme court said (59 Ill. 2d 465, 473):

> "The purpose of depositing the notes in lieu of the standby fee was to obtain the commitment from the lender that the mortgage funds would be made available in accordance with the terms of the loan agreement. The record shows that such commitment was obtained, and when [the borrower] breached its agreement to borrow the money thus committed, plaintiff was entitled to demand payment of the notes. We have considered Suson's contentions that there was no consideration for the standby fee and that it cannot be recovered by plaintiff for the reason that it was a penalty, and not liquidated damages, and find them to be without merit."

Likewise, this court has recognized that a lender may incur damages when it promises to commit a specified sum of money for a specified time. (*Applegate-Leason & Co. v. Reilly* (1978), 61 Ill. App. 3d 120, 377 N.E.2d 1135.) There, we found the borrower promised to pay a service charge in consideration of the lender's promise to commit funds for a specified time; thus the lender was entitled to demand

payment of the service charge when the borrower breached his agreement to borrow. 61 Ill. App. 3d 120, 123-24.

A common denominator in this type of case is the existence of a contract, a commitment agreement or a loan application. The binding effect of an oral loan commitment, however, was recognized in *Coastland Corp. v. Third National Mortgage Co.* (4th Cir. 1979), 611 F.2d 969. In that case, a borrower sought damages from a lender for a breach of an oral commitment to provide construction financing. The court upheld an award of damages for one-half of the expenses the lender knew the borrower incurred in preparing for its construction project. 611 F.2d 969, 979.

From the above authorities, we hold that a lender may have a cause of action when a borrower breaches a loan agreement, whether oral or written.

The controlling question before us is whether the Bank's amended complaint states a cause of action against Comdisco. We have passed on the legal sufficiency of count I above. Next, we address the issue of whether this count is factually sufficient. To be factually sufficient, a complaint must plead facts which bring the claim within the legally recognized cause of actin alleged. *People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308, 430 N.E.2d 1005.

The Bank argues that it has alleged with particularity the elements needed to state a cause of action for breach of contract. The Bank also relies on the oft-stated policy of Illinois courts to construe pleadings liberally and that a party is not required to plead its proof. On the other hand, Comdisco asserts the complaint is deficient in that it lacks the essential terms necessary to allege a contract and that the allegations are conclusionary in nature.

Section 2—601 of the Civil Practice Law (Ill. Rev. Stat. 1981, ch. 110, par. 2—601) requires that substantial allegations of fact are necessary to state a cause of action. Well-pleaded facts are to be taken as true for purposes of a motion to dismiss. (*Kuch & Watson, Inc. v. Woodman* (1975), 29 Ill. App. 3d 638, 331 N.E.2d 350.) However, such a motion does not admit conclusions of law or of fact unsupported by allegations of specific facts upon which such conclusions rest. *Denkewalter v. Wolberg* (1980), 82 Ill. App. 3d 569, 402 N.E.2d 885.

▮ A general allegation that a contract exists is, in the absence of a statement of supporting facts, a mere legal conclusion not admitted by a motion to dismiss. (*Pollack v. Marathon Oil Co.* (1976), 34 Ill. App. 3d 861, 341 N.E.2d 101; *McErlean v. Union National Bank* (1980), 90 Ill. App. 3d 1141, 414 N.E.2d 128, *appeal denied* (1981), 83 Ill. 2d 571.) The pleader must allege facts sufficient to indicate offer,

acceptance and consideration. (*Barnes v. Peoples Gas Light & Coke Co.* (1968), 103 Ill. App. 2d 425, 243 N.E.2d 855; *Pollack v. Marathon Oil Co.*) In ordering the dismissal of this cause, the trial court was most concerned with the pleading of sufficient ultimate facts necessary to show a contract to loan was made.

In *Carriage Way West*, the supreme court confronted the issue of whether ultimate facts were pleaded. There it was stated, " '\*\*\* only the ultimate facts to be proved should be alleged and not the evidentiary facts tending to prove such ultimate facts.' " (88 Ill. 2d 300, 308, citing *Board of Education v. Kankakee Federation of Teachers Local No. 886* (1970), 46 Ill. 2d 439, 446-47.) In that case, an antitrust action, it was alleged that the various defendants entered into an agreement to fix and control greens fees charged to the public. The court stated, "[a]s for factual sufficiency, the ultimate facts needed to prove a violation of section 3(1)(a) [of the Illinois Antitrust Act (Ill. Rev. Stat. 1981, ch. 38, par. 60—3(1)(a))] are agreements among those who would otherwise be competitors for the purpose or with the effect of fixing the price charged for any goods or services received." (88 Ill. 2d 300, 309.) The court further stated that "[t]he line between conclusions of law and ultimate facts is sometimes dim." 88 Ill. 2d 300, 310.

■ Likewise, in the case before us the ultimate facts needed to prove a breach of contract are those showing an agreement between the Bank and Comdisco and the circumstances of the alleged breach by Comdisco. The Bank alleges an agreement was entered into by which Comdisco would borrow funds from the Bank by discounting equipment leases. Allegations of negotiations between the parties are made, revealing that the discounting of a number of leases was contemplated at various interest rates. Count I contains allegations, express or implied, of terms material to the alleged contract, such as the duration of the loan and the rates of interest. These allegations contain sufficient information reasonably to inform Comdisco of the nature of the claim made by the Bank. (Ill. Rev. Stat. 1981, ch. 110, par. 2—612(b).) We hold that count I is legally and factually sufficient to state a cause of action for the breach of a loan agreement.

■ The basic thrust of count II is a claimed cause of action for restitution based on unjust enrichment or on a contract implied in law. Central to the allegations are the allegations from count I pertaining to the negotiation of an agreement between the Bank and Comdisco. The Bank alleged that funds were set aside to lend to Comdisco pursuant to the agreement. It is the Bank's theory that Comdisco was unjustly enriched at the Bank's expense when the leases

were discounted elsewhere. Thus, it is alleged, the Bank was deprived of the benefits of the agreement.

With reference to unjust enrichment, the court in *First National Bank v. Glenn* (1971), 132 Ill. App. 2d 322, 324, 270 N.E.2d 493, said:

> "A contract implied in law is equitable in its nature and is one which reason and justice dictate. It does not arise from an intent to contract or a promise to pay. It exists where there is a plain duty and a consideration. The consideration may be a parting with something by the party seeking to enforce the contract; the promise is presumed so that there will not be a failure of justice. Its essential element is the receipt of a benefit by one party which would be inequitable for that party to retain. It is predicated on the fundamental principle that no one should unjustly enrich himself at another's expense. [Citations.]"

We hold that count II states sufficient facts to state a cause of action for unjust enrichment and was thus improperly dismissed.

■■ Count III, however, does not state a cause of action for fraudulent misrepresentation. This count incorporates the allegations of count I and the allegations of count II of a plan or scheme by Comdisco to profit from the drop in interest rates; it also alleges that Comdisco misrepresented its commitment to discount leases with the Bank, that Comdisco knew these representations were false and misleading and that the Bank would rely on the representations.

The surrounding circumstances and the alleged reasons for the misrepresentations made by Comdisco, particularly the drop in interest rates, all took place after the alleged agreement occurred. Assuming these misrepresentations were made, the Bank could not have been induced by them to act or to enter into an agreement. Thus, this essential element of a cause of action for fraudulent misrepresentation is lacking. See *Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 402 N.E.2d 599.

■■ ■ The Bank also alleges that Comdisco made misrepresentations regarding its continuing intention to discount leases with it. It is a general rule that a promise to perform an act, though accompanied at the time with an intention not to perform it, is not such a false representation as will constitute fraud. (*Goldberg v. Goldberg* (1981), 103 Ill. App. 3d 584, 431 N.E.2d 1060, citing *Roda v. Berko* (1948), 401 Ill. 335, 81 N.E.2d 912; *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634.) The Bank's assertion that this rule is no longer followed (relying on *George William Hoffman & Co. v. Capital Services Co.* (1981), 101 Ill. App. 3d 487, 428 N.E.2d 600,

and *Vance Pearson, Inc. v. Alexander* (1980), 86 Ill. App. 3d 1105, 408 N.E.2d 782) is without merit. Nor is this count sufficient to come within the exception to that rule, *i.e.*, that where a false promise or representation of future conduct is alleged to be a part of a scheme employed to accomplish the fraud, it is actionable. (*Goldberg v. Goldberg.*) It does not allege sufficient facts from which a scheme can be inferred. (*Goldberg v. Goldberg; Baker, Bourgeois & Associates, Inc. v. Taylor* (1980), 84 Ill. App. 3d 909, 410 N.E.2d 55; *Zaborowski v. Hoffman Rosner Corp.* (1976), 43 Ill. App. 3d 21, 356 N.E.2d 653.) To sustain unsupported allegations of a plan or scheme as sufficient, as the Bank contends, would only invite this type of pleading every time multiple parties, who are jointly obligated under a contract, elect not to perform. (See *Baker, Bourgeois & Associates, Inc. v. Taylor* (1980), 84 Ill. App. 3d 909, 915.) Count III was properly dismissed.

Comdisco also attacks counts II and III because they improperly claim punitive damages and attorney fees. Because count III has been held to be properly dismissed, we need address this issue as to count II only.

■ The general rule as to punitive damages is that they are not recoverable in actions for breach of contract. (*St. Ann's Home for the Aged v. Daniels* (1981), 95 Ill. App. 3d 576, 420 N.E.2d 478, *appeal denied* (1981), 85 Ill. 2d 575, and the cases cited therein.) This rule does not apply, however, in exceptional cases where the breach amounts to an independent tort and there are proper allegations of malice, wantonness or oppression. (95 Ill. App. 3d 576, 580, citing *Wallace v. Prudential Insurance Co. of America* (1973), 12 Ill. App. 3d 623, 299 N.E.2d 344.) No basis is alleged from which to infer that Comdisco acted in such a manner. The allegations are also insufficient to support a basis for attorney fees. See *F. D. Rich Co. v. United States ex rel. Industrial Lumber Co.* (1974), 417 U.S. 116, 40 L. Ed. 2d 703, 94 S. Ct. 2157.

The order of the circuit court of Cook County dismissing Count III is affirmed. The order dismissing Counts I and II is reversed and the cause remanded for further proceedings consistent with this opinion.

McGLOON and GOLDBERG, JJ., concur.