MAX WAIT, Plaintiff-Appellant, v. FIRST MIDWEST BANK/DANVILLE, Defendant-Appellee.

Fourth District   No. 4—85—0539

Opinion filed March 31, 1986.

Warren E. White and John P. Wolgamot, both of Kirk, Wolgamot, Kurth & Borbely, of Danville, for appellant.

Brent D. Holmes, of Harlan Heller, Ltd., of Mattoon, for appellee.

JUSTICE MORTHLAND delivered the opinion of the court:

Plaintiff brought an action against the defendant, First Midwest Bank/Danville, successor by merger to the Second National Bank of Danville, seeking money damages from an alleged breach of an oral agreement to loan money as well as for certain averred tortious conduct. The circuit court of Vermilion County dismissed the plaintiff's amended complaint with prejudice for failure to state a cause of action. Plaintiff appeals.

Plaintiff filed his four-count amended complaint on January 30, 1985. Count I sounded in breach of contract; count II alleged wilful and wanton conduct arising out of the contractual setting; count III alleged some form of negligence; count IV sounded in wilful and wanton conduct originating from the allegations contained in count III.

As we have before us the granting of a motion to dismiss, we

note that, in considering this matter, all well-pleaded facts must be taken as true, as well as all reasonable inferences which may be drawn therefrom. (*Morrow v. L.S. Goldschmidt Associates, Inc.* (1984), 126 Ill. App. 3d 1089, 468 N.E.2d 414.) Moreover, in ruling on a motion to dismiss, allegations of the complaint are to be interpreted in the light most favorable to the plaintiff. *Denkewalter v. Wolberg* (1980), 82 Ill. App. 3d 569, 402 N.E.2d 885.

Essentially, the amended complaint alleged that the plaintiff, a farmer, had business debts totalling $400,000, of which $217,000 was owed to the First National Bank of Westville. Plaintiff in December of 1983 began discussing financial planning with the "Agri-Credit" department of the defendant bank; plaintiff avers that the defendant solicited his business, a charge the defendant disputes as conclusionary and factually incorrect. Defendant then worked out a financing plan whereby it would loan plaintiff money to pay off all his current obligations as well as finance his 1984 farming operations. In return, plaintiff was to apply for a $90,000 loan from the United States Farmers Home Administration. Defendant would then subordinate its security interest, including a first lien it would obtain from the Westville bank in paying off that indebtedness, in favor of the United States Farmers Home Administration upon the latter's agreeing to loan plaintiff the money.

Plaintiff opened an account with defendant bank as instructed. When plaintiff received a $66,000 check representing the proceeds from the sale of his last corn crop, plaintiff alleged that the bank told him to deposit the entire sum with them. Plaintiff was directed to pay only a small sum to the Westville bank instead of the entire amount as he was otherwise obligated. Plaintiff also alleged that the defendant required him to forbear from paying an installment payment due another creditor. Finally, upon the bank's instructions, plaintiff named the defendant as trustee of his residential real estate pursuant to a land trust agreement.

The amended complaint also alleged that, although plaintiff and his wife were notified to appear at a loan closing set for February 13, 1984, the defendant, without warning or notice, informed plaintiff it would not make the loans as promised. Plaintiff alleges he was therefore unable to obtain other financing. Because he did not pay off the Westville bank and other creditors with the proceeds of his corn-crop check, those creditors accelerated plaintiff's notes and demanded immediate full payment. As a result, plaintiff was forced to file for Chapter 11 bankruptcy.

Defendant filed a motion to dismiss this amended complaint for

failure to state a cause of action. At the hearing on the motion held July 11, 1985, the court dismissed the amended complaint, but offered plaintiff the opportunity to replead. Plaintiff chose to stand on the pleadings instead. Consequently, the court on July 23, 1985, entered an order dismissing the amended complaint with prejudice.

Again, count I alleges breach of an oral commitment or agreement to loan. Plaintiff alleges that the defendant, through its authorized officers, "orally offered and promised" to loan plaintiff money at the variable rate of interest then charged. The loan was to be secured by liens against the plaintiff's real estate, machinery, crops, and the proceeds therefrom. Plaintiff states he accepted the oral offer and promise to make the loan by performing each of the conditions required of him. He states that he applied for and received approval of the $90,000 loan from the Farmers Home Administration, opened a bank account with the defendant, and named the defendant as trustee of his residential real estate under a land-trust agreement. Plaintiff concludes that the defendant breached its contract when it refused to make the loan without stating any reason for such refusal, thus causing plaintiff to suffer damages.

First, a proper and adequate complaint based upon breach of contract must allege the existence of the contract purportedly breached by the defendant, the plaintiff's performance of all contractual conditions required of him, the fact of the defendant's alleged breach, and the existence of damages as a consequence. (*Martin-Trigona v. Bloomington Federal Savings & Loan Association* (1981), 101 Ill. App. 3d 943, 946, 428 N.E.2d 1028, 1031.) Moreover, allegations demonstrating the existence of a contract must contain facts indicating an offer, acceptance and consideration. (*Martin-Trigona v. Bloomington Federal Savings & Loan Association* (1981), 101 Ill. App. 3d 943, 428 N.E.2d 1028.) A general allegation that a contract exists without supporting facts is a legal conclusion which may not be admitted as true by a motion to strike or dismiss (*Pollack v. Marathon Oil Co.* (1976), 34 Ill. App. 3d 861, 341 N.E.2d 101; *Barnes v. Peoples Gas Light & Coke Co.* (1968), 103 Ill. App. 2d 425, 243 N.E.2d 855), as neither conclusions of law nor conclusions of fact unsupported by allegations of specific facts upon which the conclusions are based may be considered in ruling on the motion. (*Pierce v. Carpentier* (1960), 20 Ill. 2d 526, 169 N.E.2d 747.) Legal conclusions are also inadequate to serve as essential elements of a complaint. (*Martin-Trigona v. Bloomington Federal Savings & Loan Association* (1981), 101 Ill. App. 3d 943, 428 N.E.2d 1028.) Thus, to merely state that a contract "was entered" or that the defendant "accepted" is to

state mere legal conclusions. (*Pollack v. Marathon Oil Co.* (1976), 34 Ill. App. 3d 861, 341 N.E.2d 101.) Furthermore, if the acceptance of an offer is oral, then the specific facts supporting this theory of acceptance must be alleged. *Pollack v. Marathon Oil Co.* (1976), 34 Ill. App. 3d 861, 341 N.E.2d 101.

■ To pass muster, any complaint must state a cause of action in two ways. First, it must be legally sufficient, that is, it must set forth a legally recognized claim as its avenue of recovery. (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 430 N.E.2d 1005.) Otherwise, there can be no recourse at law for the injury alleged and the complaint must be dismissed. Second, unlike Federal practice, the complaint must be factually sufficient; it must plead facts which bring the claim within the legally recognized cause of action alleged. (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 430 N.E.2d 1005; Ill. Rev. Stat. 1983, ch. 110, par. 2—601.) As Illinois is a fact-pleading State, failure to do so allows for dismissal of the complaint. Furthermore, although ultimate facts necessary to support the action must be alleged, the pleader need not set forth evidence which may well be derived from discovery subsequent to the filing of the complaint. (*Ingram v. Little Company of Mary Hospital* (1982), 108 Ill. App. 3d 456, 438 N.E.2d 1194.) The line between an ultimate fact and a legal conclusion, however, is sometimes difficult to discern, and depends to some extent upon the particular case. (*Ingram v. Little Company of Mary Hospital* (1982), 108 Ill. App. 3d 456, 438 N.E.2d 1194; *Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 282 N.E.2d 723.) To determine whether the complaint states facts or conclusions, the entire complaint must be considered as a whole, and not just its disconnected parts. *Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428.

■ Plaintiff first argues that a valid cause of action for breach of an oral contract to lend money in the future is recognized at law, and we agree. (See *Coastland Corp. v. Third National Mortgage Co.* (4th Cir. 1979), 611 F.2d 969; *Bank of Lincolnwood v. Comdisco, Inc.* (1982), 111 Ill. App. 3d 822, 444 N.E.2d 657; see also *Morgan v. Young* (Tex. Civ. App. 1947), 203 S.W.2d 837.) Acknowledging that a cause of action for breach of contract to loan may exist under certain circumstances, the plaintiff's complaint must still plead facts which sufficiently bring the claim within the legally recognized cause of action alleged.

■ Again, we must be mindful of the fine line which distinguishes conclusions of law and ultimate facts. We must also be cognizant that terms such as "offered," "accepted," and "breached its con-

tract," as plaintiff has used in his amended complaint, suggest mere legal conclusions. Nevertheless, we believe the plaintiff has stated a cause of action under count I. He has alleged facts indicating an offer by the defendant. The defendant apparently wanted the plaintiff's banking business, and the parties entered upon discussions of a reorganization of the plaintiff's indebtedness. Defendant was to pay off the plaintiff's outstanding loans while assuming a security interest in the plaintiff's property. Also relevant to plaintiff's argument that defendant agreed to make a loan is the fact that a loan closing conference was scheduled.

Moreover, plaintiff's allegations of his actions in response indicate facts constituting acceptance. Plaintiff opened an account with the defendant, applied for the loan with the Farmers Home Administration, deposited his corn-crop check in the defendant bank, and named the defendant as trustee of his residential real estate.

Still, to demonstrate the existence of a contract, consideration must also be alleged. Consideration under a contract is traditionally denoted as anything which is of benefit to one of the parties or a detriment to the other. (*Worner Agency, Inc. v. Doyle* (1985), 133 Ill. App. 3d 850, 479 N.E.2d 468.) Plaintiff's statements as to what he did to secure the loan, particularly naming the defendant as trustee, indicate a benefit obtained by the defendant and a detriment incurred by the plaintiff.

The plaintiff must also show that an alleged agreement contains sufficient definitiveness to be enforceable. In *McErlean v. Union National Bank* (1980), 90 Ill. App. 3d 1141, 414 N.E.2d 128, the court held that an agreement to loan money in the future was enforceable only if it contemplated the terms upon which the future loan would be made. The court indicated such material terms should include the intended duration of the loan, either the applicable rate of interest to be charged or the basis for how such interest would be ascertained, the duration contemplated for maturity of such loans, and the mode and rate of repayment. 90 Ill. App. 3d 1141, 1146, 414 N.E.2d 128, 132.

Turning now to the amended complaint, we find allegations as to the amount to be loaned, how the interest rate was to be computed ("at the variable rate of interest then charged"), and that installment payments were to be made on a "periodic" basis. Thus, plaintiff has at least made some allegations as to the material aspects of a contract except for duration. We note, however, that while a contract must be complete and definite in its terms to be enforceable, reasonable certainty is all that is required. Further, the duration of an agreement may be determined from a consideration of the agreement as a whole.

(*Ricke v. Ricke* (1980), 83 Ill. App. 3d 1115, 405 N.E.2d 351.) Duration could conceivably be inferred based upon custom in the area, the terms of the previous loan with the Westville bank, or in considering the steps plaintiff alleges he has taken to obtain the loan. We therefore hold that count I states a cause of action for breach of contract to make a loan, and the trial court erred in granting the defendant's motion to dismiss that count.

■ Under count II, plaintiff incorporated by reference many of the factual allegations contained in the previous count, but further alleged "wilful and wanton conduct" by the defendant, and sought an award of punitive damages. As a general rule, though, punitive damages are not recoverable in actions for breach of contract. (*Morrow v. L.A. Goldschmidt Associates, Inc.* (1984), 126 Ill. App. 3d 1089, 468 N.E.2d 414; *St. Ann's Home for the Aged v. Daniels* (1981), 95 Ill. App. 3d 576, 420 N.E.2d 478.) A clear exception to the general rule exists, though, where the breach amounts to an independent tort, and where there are proper allegations of malice, wantonness, or oppression. (*Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353; *Morrow v. L.A. Goldschmidt Associates, Inc.* (1984), 126 Ill. App. 3d 1089, 468 N.E.2d 414; *Wallace v. Prudential Insurance Co. of America* (1973), 12 Ill. App. 3d 623, 299 N.E.2d 344.) To support the existence of an independent tort, a plaintiff must therefore allege facts which bring the claim for punitive damages under a recognized tort theory. (*Illinois Sterling, Inc. v. KDI Corp.* (1975), 33 Ill. App. 3d 666, 338 N.E.2d 51.

■ Here, plaintiff alleges wilful and wanton misconduct, which is essentially the separate tort of aggravated negligence. (*Morrow v. L.A. Goldschmidt Associates, Inc.* (1984), 126 Ill. App. 3d 1089, 468 N.E.2d 414.) The tort is evidenced by an intentional act committed under circumstances exhibiting a conscious and reckless disregard for the safety of others. (*O'Brien v. Township High School District 214* (1980), 83 Ill. 2d 462, 415 N.E.2d 1015.) Plaintiff here maintains that the defendant's conduct exhibited a conscious disregard of a known risk to the plaintiff regarding his farming operations and physical well-being, and that the defendant displayed a reckless indifference to the consequences of that risk.

The plaintiff simply does not allege sufficient facts to raise an independent tort. Plaintiff reiterates the factual allegations in count I, and further adds that the defendant, in conscious disregard of the known risk it had created in agreeing to refinance the plaintiff's business, nevertheless wilfully and wantonly refused to loan the money as promised. While the law does not condone breach of contract, it does

not consider it wrongful or tortious. (*Carrico v. Delp* (1986), 141 Ill. App. 3d 684.) Fault is irrelevant to breach of contract. Whether one intentionally, carelessly, or innocently breaches a contract, he is still considered in breach of that contract, and will be liable to the extent that the other party must be placed in the position he would have been in absent the breach. (*Album Graphics, Inc. v. Beatrice Foods Co.* (1980), 87 Ill. App. 3d 338, 408 N.E.2d 104.) Tort law, on the other hand, is primarily concerned with fault. Contract law provides for compensation while tort law, under certain extreme circumstances, allows damages as punishment for wrongful conduct.

The mere addition of the phrase "wilful and wanton," as well as similar language in count II, is insufficient to allege reckless misconduct necessary to support an allowance of punitive damages. (See *Pendowski v. Patent Scaffolding Co.* (1980), 89 Ill. App. 3d 484, 411 N.E.2d 910.) Thus, we hold that the trial court properly dismissed count II of plaintiff's amended complaint.

Count III apparently alleges some form of negligence pleaded in the alternative to breach of an oral contract. The record alludes to suggestions by the parties that count III actually constitutes a malpractice action based upon negligent advice given to the plaintiff where the defendant held itself out as an expert in farm financial planning.

In reality, it is difficult to perceive what the plaintiff is actually alleging, or trying to allege, under count III. Apparently the plaintiff was also unsure exactly under what theory he was proceeding. In his brief on appeal, the plaintiff makes the following assertion:

> "If the Jury should conclude, as a matter of fact, that no oral contract was breached by Defendant, the Jury should proceed to determine whether the evidence proved a tort committed by Defendant against Plaintiff. *Whether this tort is denominated as negligent advice, negligent concealment, negligent misrepresentation, or fraud,* the allegations sufficiently allege ultimate facts showing Defendant's duty owed to Plaintiff, and Defendant's breach of that duty proximately causing Plaintiff's injuries." (Emphasis added.)

Upon careful consideration, it is apparent to us that the only cause of action plaintiff could successfully state herein is negligent misrepresentation. Despite plaintiff's allegations of physical and mental anguish and suffering caused by the defendant's "negligence," count III in essence seeks economic damages. Under *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443, and its progeny, Illinois does not recognize a negligence cause of

action to recover solely economic losses normally compensable under traditional contract theory. One of the recognized exceptions to *Moorman*, however, is an action for negligent misrepresentation against a party in the business of supplying information for the guidance of others in their business transactions. (*Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443; *Anderson Electric Co. v. Ledbetter Erection Corp.* (1985), 133 Ill. App. 3d 844, 479 N.E.2d 476.) Count III does not contain the necessary allegations to raise the other clear exception to *Moorman*, that of intentional misrepresentation or fraud.

We recognize that count III does contain an allegation that the defendant held itself out to the public as an expert financial and business adviser to persons engaged in the farming business. Still, pleadings should be plain and concise. (Ill. Rev. Stat. 1983, ch. 110, par. 2—603(a).) Pleadings should also be liberally construed so as to do substantial justice between the parties. (Ill. Rev. Stat. 1983, ch. 110, par. 2—603(c).) While no pleading is bad in substance if it contains such information as would reasonably inform the opposite party of the nature of the claim (*Wolinsky v. Kadison* (1983), 114 Ill. App. 3d 527, 449 N.E.2d 151; Ill. Rev. Stat. 1983, ch. 110, par. 2—612(b)), liberal construction cannot rectify fatal deficiencies such as necessary factual allegations. *Denkewalter v. Wolberg* (1980), 82 Ill. App. 3d 569, 402 N.E.2d 885.

Even the liberal construction of pleadings allowed in Illinois will not cure count III of its faults. The practical effect of the varied and haphazard allegations therein is to render it incapable of reasonably informing the defendant of the nature of the claim it is called upon to meet. No specific cause of action is enumerated, and the allegations consist of legal conclusions unsupported by sufficient facts. We were only able to determine a possible cause of action by process of elimination.

It is unfortunate that plaintiff chose not to amend, as a viable cause of action might have been stated after extensive amendment. By rejecting the offered opportunity to replead, and by electing to stand on his pleadings instead, the plaintiff invited the trial court to dismiss the complaint with prejudice. Having done so, he cannot now be heard to complain.

Finally, under count IV, plaintiff seeks punitive damages for the allegedly wilful and wanton actions of the defendant. Plaintiff contends that the defendant knew its "negligent, ill-conceived and reckless" advice would create potentially dangerous circumstances for the plaintiff, but that it wilfully refused to rectify its actions and advice.

For many of the reasons stated earlier, however, plaintiff has failed to sufficiently allege the tort of wilful and wanton misconduct.

Accordingly, we affirm dismissal of counts II, III, and IV of the plaintiff's amended complaint. We reverse dismissal as to count I, sounding in breach of contract.

Affirmed in part, reversed in part, and remanded.

McCULLOUGH, P.J., and WEBBER, J., concur.