FIRST NATIONAL BANK OF WHEATON, Plaintiff-Appellee, v. MARIAN R. JONES, Defendant-Appellant.

Third District   No. 3—87—0653

Opinion filed May 4, 1988.

Fred W. Potter, of Potter & Comba, of Princeton, for appellant.

J. Paul Aplington, of Aplington, Kaufman, McClintock, Steele & Barry, of La Salle, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

The underlying action in this appeal was commenced in the circuit court of Bureau County when plaintiff, First National Bank of Wheaton, a banking corporation, filed a complaint to foreclose a second mortgage against defendant, Marian R. Jones. The mortgaged property, owned by defendant, was used to secure a promissory note in the amount of $31,000. The note and the mortgage were executed by defendant and her son, Edwin B. Jones III, who is not a party to this action.

Defendant answered plaintiff's complaint by way of a general denial and later amended her answer to add a counterclaim in two counts. Count I of the counterclaim alleged that the plaintiff was contractually obligated to extend or renew the mortgage at the current interest rates when the second mortgage, which was the subject of the plaintiff's complaint, matured. Count II alleged that the mortgage is void by reason of a material alteration made by plaintiff after it

was executed and recorded. In count II the defendant prayed that the court dismiss the foreclosure action and direct that the plaintiff issue a new mortgage and note at current interest rates. After a bench trial the court entered its decree of foreclosure in favor of plaintiff and denied defendant's counterclaims.

During the trial, the following relevant facts were adduced. The second mortgage in question was dated February 1, 1984, and was recorded in the recorder's office of Bureau County, Princeton, Illinois, on February 3, 1984. In the mortgage, the following clause was included:

> "Borrower does hereby mortgage, grant, and convey to Lender the following described property ***."

The mortgaged property at 313 Elm Place, Princeton, Illinois, was owned solely by defendant. Edwin, her son, had no interest in the premises. Under the promissory note, also dated February 1, 1984, defendant and her son promised to pay $367.32 per month principal and interest beginning March 5, 1984, with the balance due on January 2, 1986.

According to the testimony of Edwin B. Jones III, it was he and Mr. Harold Ticktin, then president of plaintiff bank, who negotiated the loan. Jones brought the note and mortgage to his mother's house for her to sign. After defendant and he executed these documents, he caused the mortgage to be recorded at the Bureau County courthouse, and the recorder of deed's office returned it by mail to plaintiff. Harold Ticktin was produced by neither party as a witness.

During Jones' testimony and after several objections by plaintiff's counsel, all sustained by the court, defense made an offer of proof to the effect that Ticktin had advised Jones the early maturity date of the note was utilized because of extreme fluctuations in interest rates, and when the note matured, the bank would adjust the rate and renew the loan at the then current mortgage rate for similar loans. Defendant did not know Ticktin and did not participate in any of the loan negotiations.

It is clear from the documents and testimony that the mortgage sued upon by plaintiff was altered after execution by defendant and her son and after the mortgage was recorded, to wit: the word "hypothicate" [sic] was interlineated as follows:

> "Borrower does hereby mortgage,/hypothicate [sic] grant and convey to Lender the following described property ***."

Plaintiff acknowledges this fact. Jones testified that he and his wife made the monthly payments on the note but did not attempt to pay it

off at maturity. Defendant made no payment on the note. At the time of the trial, the amount due on the loan was $41,549.78. In addition, costs of $334.80 for the prosecution of the foreclosure plus attorney fees were chargeable to the note and collection of the note.

From the entry of judgment herein, defendant filed a notice of appeal on September 23, 1987. Also on that date, on defendant's motion, the circuit court entered an order waiving an appeal bond because the subject property had a value sufficient to satisfy the judgment.

Subsequently, on September 30, 1987, plaintiff filed a motion to vacate the order waiving bond on appeal. Following a hearing on October 14, 1987, the order of September 23, 1987, was vacated. On November 13, 1987, the sheriff of Bureau County conducted a foreclosure sale of the subject premises. No other bids having been received, the plaintiff purchased the premises for $48,589.17. The sheriff's report was filed the same day.

■■ The first issue to be considered in this case is whether the interlineation of the word "hypothicate" [sic] after the document was executed and recorded affects the obligations of defendant and, if so, how. Defendant contends the interlineation is such a material or fraudulent alteration, or in the alternative, it is such evidence of intent to renew the mortgage at current interest rates at maturity, as to require the court to enter an order on plaintiff to renew the mortgage at current interest rates. We disagree with defendant's contentions.

As was stated in *Gold v. Vasileff* (1987), 160 Ill. App. 3d 125, 128-29, 513 N.E.2d 446, 448:

> "[A] misrepresentation about events to occur in the future cannot constitute the tort of fraud. (*Ochoa v. Maloney* (1979), 69 Ill. App. 3d 689, 387 N.E.2d 852.) The representation must be to an existing or past fact. (*Metropolitan Sanitary District v. Pontarelli & Sons, Inc.* (1972), 7 Ill. App. 3d 829, 841-42, 288 N.E.2d 905, 913; Restatement (Second) of Torts §525(e) (1977).) A failure to perform a promise to do some act in the future cannot be the subject of an action for fraud, and this established principle of law is not contradicted by any of the cases relied on by the buyers. (See, *e.g.*, *Kurti v. Fox Valley Radiologists, Ltd.* (1984), 124 Ill. App. 3d 933, 464 N.E.2d 1219; *Duhl v. Nash Realty, Inc.* (1981), 102 Ill. App. 3d 483, 429 N.E.2d 1267.) While statements of opinion may be actionable, the opinion must relate to the falsity of a present or past fact, not a promise to be performed in the future."

Therefore, even if Ticktin did indicate that the bank would or might consider renewing the note at current rates, defendant has no action in fraud therefor. In any event, defendant did not know Ticktin and never talked to him during the negotiations. So there is no evidence from which the trial court could reasonably conclude that she relied on any oral statement by Ticktin.

Defendant argues that plaintiff should have produced Ticktin to testify as to this matter. However, defendant fails to explain why defendant did not produce Ticktin if he was available as a witness.

■ Nor can the courts create a new contract for defendant as she requests. The court recently stated in *Champaign National Bank v. Landers Seed Co.* (1988), 165 Ill. App. 3d 1090, 1093-94, 519 N.E.2d 957, 959-60:

> "The terms of a contract must be reasonably certain. Some terms may be missing or left to be agreed upon, but if the essential term or terms are so uncertain that there is no basis for deciding whether the agreement has been kept or broken, there is no contract. Restatement (Second) of Contracts §33 (1981).
>
> An agreement to continue to refinance or roll over a debt appears similar to an oral contract to lend money in the future. A valid cause of action for breach of an oral contract to lend money in the future is recognized in Illinois. (*Wait v. First Midwest Bank/Danville* (1986), 142 Ill. App. 3d 703, 707, 491 N.E.2d 795, 800; *Bank of Lincolnwood v. Comdisco, Inc.* (1982), 111 Ill. App. 3d 822, 444 N.E.2d 657.) The party claiming such a contract must show that the alleged agreement contains sufficient definitiveness to be enforceable. (*Wait*, 142 Ill. App. 3d at 708, 491 N.E.2d at 801; *Carrico v. Delp* (1986), 141 Ill. App. 3d 684, 688, 490 N.E.2d 972, 975.) In *Wait* and *Carrico*, our court cited *McErlean v. Union National Bank* (1980), 90 Ill. App. 3d 1141, 414 N.E.2d 128, where it was held an agreement to loan money in the future was enforceable only if it contemplated the terms upon which the future loan should be made. The *McErlean* court stated:
>
>> 'These terms would include, for example, the intended duration of the line of credit; the applicable rate of interest to be charged for any loan emanating from such an agreement, or the basis for how such interest would be ascertained; what duration or date or dates were contemplated for maturity of such loans; and what mode or rate of repayment was contemplated, *i.e.*, whether the entire amount would be repayable or if repayment in installments would be acceptable.' 90

Ill. App. 3d at 1146, 414 N.E.2d at 132.

We recognize that in some fact situations 'duration' can be inferred based on custom (*Wait*, 142 Ill. App. 3d at 709, 491 N.E.2d at 801), and part performance of an agreement may remove uncertainty and establish an enforceable contract. (*Yoder v. Rock Island Bank* (1977), 47 Ill. App. 3d 486, 491, 362 N.E.2d 68, 72.) We find that this cannot be done under the facts established by the evidence in the present case."

Just as in the *Champaign National Bank* case, the terms of the contract defendant would have the court make for her are not sufficiently defined to be enforceable.

■■ Additionally, the interlineation of the term "hypothicate" [*sic*] in the mortgage adds nothing to the meaning of the instrument. It creates no new rights, duties, obligations, or remedies for the parties, and in fact is redundant of the term "mortgage" already included in the document.

■ In an appeal from a bench trial, unless the trial court's judgment is clearly contrary to the manifest weight of the evidence, the appellate court must affirm the trial court. (*Danville UAW CIO Local No. 579 Credit Union v. Randle* (1965), 58 Ill. App. 2d 84, 206 N.E.2d 253.) In the case at bar, there is no evidence of fraud or material representation relied upon by defendant. Nor does the interlineation support defendant's argument, there being absolutely no evidence as to the purpose for the interlineation or its relationship to any alleged conversations between Ticktin and Jones. The facts in this case cannot support a finding that the trial court's judgment is clearly contrary to the manifest weight of the evidence.

■■ The second issue before this court is whether the trial court, once the notice of appeal had been filed, had lost jurisdiction to entertain plaintiff's motion to vacate the order waiving appeal bond and to accept the sheriff's report of sale.

Supreme Court Rule 305(b) states in relevant part:

"(b) Stay of Enforcement of Judgments and Appealable Orders by Orders of Court.

(1) *On notice and motion, and an opportunity for opposing parties to be heard, the trial court,* or the reviewing court or a judge thereof, *may stay pending appeal the enforcement of a judgment for money* only not stayed by compliance with paragraph (a) of this rule, *or the enforcement, force and effect of any other final or interlocutory judgment or judicial* or *administrative order.*

(2) *Application for a stay ordinarily must be made in the*

*first instance to the trial court.* A motion for a stay may be made to the reviewing court, or to a judge thereof, but such a motion must show that application to the trial court is not practicable, or that the trial court has denied an application or has failed to afford the relief that the applicant has requested, and must be accompanied by suggestions in support of the motion and by the record on appeal.

(3) The stay, whether granted by the trial or reviewing court, shall be conditioned upon such terms as are just. *A bond* may be required in any case, and *in the case of a judgment for money, or a stay for the protection of interests in property, shall be required.*" (Emphasis added.) (107 Ill. 2d R. 305(b).)

In light of the language in this rule it is clear the issue raised by the defendant is without merit. First, the motion defendant filed in the trial court is not a motion to stay enforcement of the decree of foreclosure. It is merely a motion to waive bond with no other request for action by the trial court.

Second, even if it were arguably considered a motion for a stay pending appeal, the record does not disclose that notice was given to plaintiff and that the plaintiff had an opportunity to be heard by the court prior to the entry of the order waiving bond. Third, the last sentence of subsection (b)(3) sets out in the word "shall" a mandatory requirement that a bond be filed where a stay is sought in cases in which protection of property interest is required, as here. In vacating its order of September 23, 1987, the trial court merely recognized that its earlier action had no validity.

Lastly, we consider a "Petition for Expenses and Attorney Fees Under Section 2—611" filed by plaintiff and which was taken with the case. No responsive document has been filed by defendant. In its motion, plaintiff argues that defendant's appeal is frivolous. At this time, we refrain from deciding whether section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—611) has any applicability whatsoever to appeals. We simply hold that the issues raised by defendant in this appeal are not frivolous or designed only to promote delay as plaintiff suggests.

Accordingly, plaintiff's "Petition for Expenses and Attorney Fees Under Section 2—611" is denied, and the judgment of the circuit court of Bureau County is affirmed.

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.