ROBERT C. McGANN *et al.*, Plaintiffs-Appellants, v. ILLINOIS HOSPITAL ASSOCIATION, INC., Defendant-Appellee.

Fourth District   Nos. 4—87—0557, 4—87—0890 cons.

Opinion filed July 14, 1988.

Delano Law Offices, P.C., of Springfield (Patrick James Smith, of counsel), for appellants.

Robert S. Cohen, of Giffin, Winning, Lindner, Cohen & Bodewes, P.C., of Springfield, and Kay E. Pinkus and Mark Damian Deaton, both of Illinois Hospital Association, of Naperville, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

The plaintiffs, Robert McGann and Bill Schulenburg, filed a complaint and amended complaint *pro se* against the defendant, Illinois Hospital Association, Inc., to halt defendant's construction of an office building. Plaintiffs' complaint and amended complaint were both dismissed. The circuit court of Sangamon County refused to vacate the dismissal. Plaintiffs both appealed and filed a new complaint under a new case number in the circuit court. The court again dismissed. Plaintiffs appeal from both dismissals.

The defendant owns the property at 700 South Second Street, Springfield, Illinois. One plaintiff, Robert McGann, owns the adjacent property to the south, 710 South Second Street. The other plaintiff, Bill Schulenburg, owns the property adjacent to McGann's property on the south, 712 South Second Street.

The defendant filed a request for variances from several zoning requirements in order to construct an office building on its property to serve as its Springfield headquarters. On April 15, 1987, a public hearing concerning the requested zoning variances was held, and the Springfield city council granted the variances on May 12, 1987.

On May 12, 1987, the plaintiffs filed their first complaint *pro se* and a motion for preliminary injunction. The complaint (1) set out the ownership of the respective properties, (2) recited the application for and granting of the zoning variances and set them out in detail, (3) stated conclusions as to why the granting of the variances was "illegal," (4) recited that plaintiffs have no available legal remedy and will suffer irreparable damage, and (5) asked for temporary and permanent injunctions against construction.

Defendant filed a motion to dismiss. Defendant claimed plaintiffs failed to state a cause of action, failed to allege an injury, and failed to apprise the defendant of specific allegations charged. After a hearing before the circuit court, the motion was granted on June 18, 1987. The court granted the plaintiffs 14 days to refile.

On June 24, 1987, plaintiffs filed a first-amended complaint *pro se*. This complaint was identical to the first in regard to items (1) through (3) set out above. In place of items (4) and (5) plaintiffs asserted their rights were threatened by defendant's plans for construction and asked the court for a "cease and desist" order to prevent construction from starting. As with the first complaint, the defendant moved to dismiss for inadequacy of the pleadings. After oral argument on the motion, it was granted with prejudice on July 14, 1987.

On August 6, 1987, plaintiffs, now represented by counsel, filed a motion to vacate the order of dismissal and to amend their complaint a second time. The motion to vacate stated the plaintiffs had not received a hearing on the merits of their case and an adequate pleading could be presented. The plaintiffs attached a proposed second-amended complaint to their motion. The trial court denied the motion to vacate and for leave to file a second-amended complaint. The plaintiffs then filed an appeal in this matter.

Plaintiffs argue these dismissals denied them their right to have their claims heard on the merits and the refusal of the trial court to vacate its dismissal was an abuse of discretion. We disagree.

The second case, which has been consolidated for the purposes of this appeal, began when plaintiffs filed a complaint in the circuit court on September 1, 1987. This complaint was identical to the second-amended complaint which plaintiffs attached to their motion to vacate and for leave to amend in the first case on August 6, 1987.

The defendant filed a motion to dismiss plaintiffs' complaint. Defendant argued section 2—619(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(3)) applied to the complaint and it should be dismissed as the case was before this court on appeal and so was a pending matter. In the alternative, defendant argued the decision of the trial court on July 14, 1987, was a final decision on the merits and so was *res judicata* as to further litigation concerning this matter under Supreme Court Rule 273 (107 Ill. 2d R. 273). On December 8, 1987, the circuit court dismissed the case with prejudice on the grounds of *res judicata*. We affirm the decision of the circuit court.

■■ ■ To withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Unless it clearly appears no set of facts could be established which would entitle plaintiff to relief, a dismissal with prejudice should not be made. (*Thomas v. Zamberletti* (1985), 134 Ill. App. 3d 387, 480 N.E.2d 869.) In considering a dismissal, neither conclusions of law nor conclusions of fact unsupported by allegations of specific facts upon which the conclusions are based may be considered on the motion. *Wait v. First Midwest Bank* (1986), 142 Ill. App. 3d 703, 491 N.E.2d 795.

In the case before this court, both defendant and plaintiffs have agreed plaintiffs' original complaint and subsequent first-amended complaint (1) failed to state a cause of action, (2) did not allege injury, and (3) was not pleaded in accordance with the Illinois Code of Civil Procedure. Beyond this plaintiff has cited *Wheeler v. Caterpillar Tractor Co.* (1985), 108 Ill. 2d 502, 485 N.E.2d 372, for the proposition that a cause should not be dismissed unless it clearly appears no set of facts can be proved which entitle the plaintiff to recover. Plaintiffs state in their brief there were such facts before the court. In attempting to argue this point the plaintiffs have failed to point out what these facts were. Instead plaintiffs rely heavily on *Frey v. Belleville News-Democrat, Inc.* (1978), 64 Ill. App. 3d 495, 381 N.E.2d 705. This case was one concerning summary judgment on a theory of contract not recognized in Illinois law at that time. What distinguishes that case from the instant one is the plaintiff in *Frey* had stated facts and a theory which allowed the reviewing court to hold the suit had some possibility of success and should go to trial on the merits. Unlike the instant case, where there were insufficient facts and no theory presented, in *Frey* they were apparently presented in so cogent a manner the reviewing court felt compelled to allow the case to go forward even in the absence of the contract theory necessary for the success of plaintiff's cause.

■■ ■ A motion to dismiss relates only to the sufficiency of the complaint and may be based only on matters appearing on the face of the pleadings. (*In re Estate of Hopkins* (1988), 166 Ill. App. 3d 652, 520 N.E.2d 415.) The court had before it plaintiffs' first-amended complaint when it dismissed with prejudice. The facts before the court at the time of its decision were (1) the identity of the parties and the respective ownership of the parcels of land involved and (2) the application for and granting of zoning variances by the Springfield city council. In addition, there were conclusions concerning the legality of the city council's actions and a claim the plaintiffs' rights were being threatened but no further allegations of facts. The plaintiffs as appellants have the burden of showing error in the lower court and here it must do so either by advancing a cause of action sustainable on the facts then before the court or by showing there are facts which the court properly had before it but did not consider. In either case, the plaintiffs have failed. The trial court properly had before it only the ownership of the property involved and a legal and proper action of the city. There were no facts on which a cause of action could be based.

■■ The plaintiffs had an opportunity to amend their complaint. In submitting the amended complaint they failed to evidence any ability to frame it properly *pro se* or to seek the assistance of counsel. A court has inherent authority to protect itself from frivolous or vexatious litigation. (*Patterson v. Northern Trust Co.* (1919), 286 Ill. 564, 122 N.E. 55; *Crissman v. Strickland* (1976), 43 Ill. App. 3d 496, 357 N.E.2d 222.) In *Crissman* this court overturned the *sua sponte* dismissal of a complaint by the lower court. We overturned the decision of the lower court because of the absence of any finding the pleadings did not state a cause of action and of any motion directed to the insufficiency of the pleadings. Both these requirements are met in the case at bar. Since the first-amended complaint was dismissed on a motion by defendant, there is a motion directed toward the insufficiency of the pleadings and a finding by the court the complaint was insufficient. Granting motions to strike or dismiss is within the sound discretion of the trial court. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976.) In the absence of any showing by plaintiffs the trial court on facts properly before it could have found a cause of action did exist, there can be no finding the trial court abused its discretion.

The plaintiffs also argue the refusal of the trial court to vacate its dismissal and grant leave to file a second-amended complaint was an abuse of discretion. When the plaintiffs submitted their motion to va-

cate they also attached a proposed second-amended complaint. Plaintiffs appear to have hoped the contents of this complaint would demonstrate the merits and factual basis of their case. However, the motion to vacate and the motion for leave to amend are separate and must be considered individually.

The purpose of a motion to vacate a judgment is to alert the trial court to errors it has made and to afford an opportunity for their correction. It is addressed to the court's discretion. (*Mills v. Ehler* (1950), 407 Ill. 602, 95 N.E.2d 848; *Abbey Plumbing & Heating, Inc. v. Brown* (1977), 47 Ill. App. 3d 719, 365 N.E.2d 115.) In a motion to vacate, the movant bears the burden of establishing sufficient grounds to vacate the order. (*In re Marriage of Melton* (1981), 93 Ill. App. 3d 338, 417 N.E.2d 220.) In order for their motion to be successful, plaintiffs would have to show some error on the part of the court in dismissing their first-amended complaint. This type of motion is not an opportunity to bring in additional facts or theories but to point out error in the court's previous decisions. In this case, where the trial court dismissed on the pleadings and the merits were not reached, plaintiffs claim the facts stated in the initial complaints were sufficient to support a cause of action. Plaintiffs claim they attached their second-amended complaint to their motion to vacate in order to demonstrate to the court a cause of action, private nuisance, could be sustained on the facts presented. While the trial court indicated it would review the materials presented, its order did not specify whether it had reviewed the second-amended complaint and found it insufficient or whether it had dismissed on other grounds. We have previously held a cause of action should not be dismissed unless it clearly appears no set of facts can be proved which will entitle the plaintiff to recover. However, "a complaint must allege facts which, when considered together, establish and substantiate the cause of action." (*Segall v. Berkson* (1985), 139 Ill. App. 3d 325, 328, 487 N.E.2d 752, 754.) "[M]ere conclusions of law, argumentative matter, or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest are irrelevant and must be disregarded by the trial court in ruling on a motion to dismiss." (*Loftus v. Mingo* (1987), 158 Ill. App. 3d 733, 738, 511 N.E.2d 203, 205.) In order to afford plaintiffs every opportunity to have their cause heard, we have reviewed their second-amended complaint in order to determine whether it states facts to support a cause of action or demonstrates how the lower court could have found the cause of action from the facts stated in the first two complaints. We find the second-amended complaint is inadequate for both purposes.

The second-amended complaint begins as did its predecessors. It indicates the identities of the parties, their respective ownership of the properties involved in this case, and the details of the zoning variances granted by the city of Springfield. The complaint then goes on to name the cause of action, private nuisance. It then alleges this cause will arise because defendant's building will exclude air and light from plaintiff McGann's property, the design of the building and its alteration of traffic flow would create a health and safety hazard to persons seeking to enter the plaintiffs' property, it would obscure the improvements of plaintiffs' property, and it would diminish the value of the plaintiffs' property. The complaint continues with several conclusions of fact related to the pleading of a cause of nuisance but no further allegations of specific facts. Count I then concludes with a prayer for injunctive relief. Count II incorporates all of the material from count I except that related to injunctive relief and asks for money damages.

While the second-amended complaint is more artfully pleaded than its predecessors, it has failed to convey to this court sufficient facts to find this case could go forward with any reasonable prospect of success. Counts I and II of the complaint set forth four conclusions of fact. All of these are completely unsupported by allegations of specific facts. Recalling our decision in *Loftus*, we must then disregard irrelevant and conclusory statements. As in its previous complaint, plaintiffs are left to rely on the few specific facts alleged, the ownership of the property and the zoning variances granted by the city. These specific facts are insufficient to support even plaintiffs' factual conclusions much less a cause of action. It is clearly not enough for plaintiff to allege a few specific facts and then state factual conclusions which merely mimic the elements of the cause of action he seeks to employ. There must be some attempt to relate those elements to the factual basis of the case. Here the deficiencies are not merely technical and a bill of particulars would be insufficient to remedy them. "[L]iberal construction cannot rectify fatal deficiencies such as necessary factual allegations." (*Wait v. First Midwest Bank* (1986), 142 Ill. App. 3d 703, 711, 491 N.E.2d 795, 803.) The second-amended complaint represents plaintiffs' third attempt to properly frame a complaint, this time with the assistance of an attorney. We appreciate the difficulties confronted by the *pro se* plaintiff, but we must also consider the efficient use of judicial resources and the rights and interests of defendants. Plaintiffs here have not shown any circumstances which prevented them from seeking assistance of counsel or from presenting their case in the manner which they felt was most advantageous. The decision to

proceed *pro se* in a legal proceeding is a serious one and carries with it certain consequences. Though plaintiffs might now, in hindsight, feel they have proceeded unwisely they cannot turn back the clock and begin anew with legal counsel.

■ In this case, even with the assistance of counsel, plaintiffs have failed to show a factual basis sufficient to support a cause of action or to present a cause of action on the facts shown. We believe the circuit court's refusal to vacate its dismissal and to allow a second-amended complaint was an appropriate exercise of judicial discretion given the circumstances of this case. Absent abuse the trial court's decision should stand. *Gayton v. Levi* (1986), 146 Ill. App. 3d 142, 496 N.E.2d 1045.

■ The plaintiffs lastly argue because the merits of this case have never been heard, the trial court's dismissal with prejudice of the first-amended complaint cannot be *res judicata* for the second case. In support of its contention, it cites a number of cases, some dating back as far as the turn of the century. The defendant replied by pointing out Illinois Supreme Court Rule 273, which states:

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." 107 Ill. 2d R. 273.

While the plaintiffs are correct in their argument the merits have not been reached in this case, Rule 273 applies and the dismissal of the first-amended complaint will act as an adjudication on the merits.

Plaintiffs have also brought to our attention that Rule 273 is straightforward on its face but a distinction has been developed between cases dismissed for failure to plead a cause of action and those dismissed for technicalities of pleading. Where there has been failure to state a cause of action, Rule 273 has been applied and the complaints dismissed. Where the fault was technical, Rule 273 has not been applied and amendment has been allowed. We recognized this distinction in *Bond v. Dunmire* (1984), 129 Ill. App. 3d 796, 802, 473 N.E.2d 78, 82. Plaintiffs go on to cite a First District case which held when two alternative grounds for dismissal were before a court and the court failed to state which it relied on in its order, the burden is on the party seeking to employ *res judicata* to show which the court relied on. *In re Estate of Cochrane* (1979), 72 Ill. App. 3d 812, 391 N.E.2d 35.

A careful reading of *Bond*, however, reveals there can be no doubt where Rule 273 is applicable.

"In *St. Joseph Data Service, Inc. v. Thomas Jefferson Life Insurance Company of America* (1979), 73 Ill. App. 3d 935, 393 N.E.2d 611, this court observed that Supreme Court Rule 273 functions to place the burden of clarity in the dismissal order on the plaintiff, *i.e.,* the plaintiff must persuade the trial court either to include a specification that the dismissal is without prejudice or to permit an amendment. If the plaintiff is unsuccessful, his recourse is to appeal." (*Bond,* 129 Ill. App. 3d at 802, 473 N.E.2d at 82-83.)

Thus, a plaintiff must either preserve his right to amend in the trial court or appeal. This implies there is no third choice available because Rule 273 will operate in all other cases to transform any other disposition not excluded by the rule itself into a final adjudication on the merits. The plaintiffs in this case were aware of the necessity of preserving their right to amend but failed to protect it when their first-amended complaint was dismissed. This dismissal becomes a final adjudication on the merits by operation of Rule 273 and *res judicata* as to the second case.

The *res judicata* doctrine holds a valid decision in a previous action between the same parties bars a subsequent action between those parties on the same claim or cause of action. (*Bond,* 129 Ill. App. 3d 796, 473 N.E.2d 78.) In this case it is clear the parties in the cases before us are identical and the cause of action revolves around the same operative core of facts. Plaintiffs have not made any showing of a distinction that can be drawn between the first case and the second case. Absent such a showing, the dismissal of the complaint with prejudice in the first case justified the dismissal of the complaint in the second case. For this reason and those discussed above, we affirm the decisions of the trial court in regard to both cases on appeal.

Affirmed.

McCULLOUGH and LUND, JJ., concur.