2024 IL App (2d) 240069-U
No. 2-24-0069
Order filed March 25, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No.   23-CF-2832 |
| LISA A. TEGELER, | ) ) | Honorable Salvatore LoPiccolo, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE MULLEN delivered the judgment of the court.
Presiding Justice McLaren and Justice Jorgensen concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The trial court did not err in denying the State's petition for detention and ordering defendant released on conditions.

¶ 2                                    I. INTRODUCTION

¶ 3     The State appeals an order of the circuit court of Kane County denying its motion to detain defendant, Lisa A. Tegeler, in accordance with section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). For the reasons that follow, we affirm.

¶ 4                                    II. BACKGROUND

¶ 5    On January 1, 2024, defendant was charged by complaint with five counts of aggravated DUI (third violation) (625 ILCS 5/11-501(a)(1), (2), (4), (5), (7) (West 2022)), a class 2 felony; five counts of aggravated DUI by motor vehicle crash causing great bodily harm (625 ILCS 5/11-501(d)(1)(c) (West 2022)), a class 4 felony; ten counts of aggravated DUI causing a crash with a passenger under 16 years old (625 ILCS 5/11-501(d)(1)(J) (West 2022)), a class 4 felony; two counts of causing a child to be endangered (720 ILCS 5/12C-5(a)(1) (West 2022)), a class A misdemeanor; and one count of violating an order of protection (720 ILCS 5/12-3.4(a)(1) (West 2022)), a class A misdemeanor.

¶ 6    That same day, the State filed a verified petition to deny defendant pretrial release. A hearing was held on the State's petition on January 2, 2024. In support, the State proffered a police department synopsis. The synopsis provides as follows. On December 30, 2023, officers from the Kane County Sherriff's Office responded to a motor vehicle crash. Upon arrival, officers observed a vehicle with heavy damage on the side of the road in the grass. As officers approached the vehicle, a strong odor of cannabis was detected. Officers made contact with defendant, who was standing in front of the vehicle and appeared to be in great distress. Defendant had a difficult time standing up on her own, slurred her speech, and there was a strong odor of alcohol on her breath. She admitted to officers that she had been driving the vehicle. Defendant's eight-year-old daughter, K.T., and K.T.'s seven-year-old friend, L.B., were passengers.

¶ 7    Defendant admitted to consuming vodka and smoking THC oil out of a vape pen. After observing the scene of the accident, an officer determined that defendant's vehicle was airborne for approximately 30 feet before landing and flipping over. All airbags in the vehicle had deployed. When asked by officers if she felt it was dangerous to have her daughter in the vehicle, defendant

nodded and began crying. She stated that she should not have consumed alcohol and how she wished she was not such a "party mom."

¶ 8 Defendant and the two children were taken to the hospital following the crash. Hospital staff advised that defendant had over 50 nanograms of cannabinoids in her urine. Officers used defendant's blood serum level to calculate that she had a blood alcohol concentration (BAC) of 0.167. Defendant sustained minor injuries but complained of neck and back pain. L.B. required staples in the top of her head due to a deep laceration caused by the crash. K.T. suffered minor injuries, including a seatbelt bruise mark on her lower abdomen.

¶ 9 In addition to the synopsis, the State proffered evidence of defendant's criminal history. According to the State, defendant had two prior DUI convictions (both 2008), she was on bond or pretrial release in Kane County case No. 23-CF-1550, and she was awaiting sentencing in that case after pleading guilty to unlawful possession of a controlled substance. An order of protection was entered against defendant in Kane County case No. 23-OP-467, with K.T. being a protected party. Pursuant to the order of protection, defendant was ordered not to drive an automobile if she had consumed drugs or alcohol within the previous 24 hours. Defendant also has a felony conviction of attempt reckless discharge (2013) and a misdemeanor conviction of unlawful possession of a firearm without a valid FOID (2013). The State further contended that no conditions could mitigate the real and present threat posed by defendant. For example, it argued that SCRAM[1] would not be

---

[1] SCRAM monitoring is the use of a transdermal monitoring device that detects the presence of alcohol in the wearer's sweat. *What Is The SCRAM CAM Bracelet And How Does It Work*, https://www.scramsystems.com/scramblog/what-is-scram-cam-bracelet-how-does-it-work/ (last visited March 19, 2024). SCRAM also offers a GPS monitoring device. SCRAM GPS Ankle

effective, as it only detects alcohol and defendant has a history of using cannabis and other controlled substances. Additionally, even if defendant violated SCRAM, the violation would not be reported instantly. The State also argued that conditions such as electronic home monitoring (EHM) would not work, as defendant would still have to be released for work or appointments.

¶ 10    The trial court denied the State's petition to detain defendant. In reaching its decision, the trial court found that there was clear and convincing evidence that defendant committed the offenses charged, that those offenses are detainable, and that defendant poses a real and present threat to the safety of her daughter. However, the trial court determined that there are conditions that can mitigate the threat posed by defendant's pretrial release. In a pretrial release conditions order filed January 2, 2024, the court checked boxes ordering that defendant not use intoxicating or controlled substances and that she refrain from using alcohol. The trial court also added the conditions that defendant: follow the terms of case No. 23-OP-467; not drive with any passengers under the age of 18 years old; utilize a SCRAM bracelet and comply with the rules of SCRAM pursuant to a SCRAM order; comply with random drug and alcohol drops through pretrial services at least one time per week; not drive without a valid license; and have no unsupervised contact with K.T.

¶ 11                                    III. ANALYSIS

¶ 12    On appeal, the State argues that the trial court erred in its determination that it failed to meet its burden of proving by clear and convincing evidence that no condition or combination of

_____

Monitor Bracelet, https://www.scramsystems.com/monitoring/scram-gps/ (last visited March 19, 2024).

conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case.

¶ 13    We apply a two-part standard of review to a trial court's decision to detain a defendant. We apply the manifest-weight-of-the-evidence standard to the trial court's factual determinations, including whether the proof is evident or the presumption great that a defendant has committed a qualifying offense, whether a defendant poses a threat, and whether any conditions would mitigate that threat. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is contrary to the manifest weight of the evidence only if a conclusion opposite to the trial court's is clearly apparent. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. The ultimate decision of whether a defendant should be detained is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. An abuse of discretion occurs only if no reasonable person could agree with the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52. As the appellant, the burden is on the State to establish the existence of error in the record. *In re Alexander R.*, 377 Ill. App. 3d 553, 557 (2007); *McGann v. Illinois Hospital Ass'n, Inc.*, 172 Ill. App. 3d 560, 565 (1988).

¶ 14    The State first argues that the trial court erred in determining that less restrictive conditions other than detention would mitigate the risk posed by defendant because defendant presented no evidence that she is involved with treatment for addiction or that she "has made any efforts at sobriety." We find this argument lacking merit. Section 110-6.1 of the Code states that the State shall bear the burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat posed by defendant's pretrial release. 725 ILCS 5/110-6.1(e)(3) (West 2022). Thus, it is not defendant's burden to make a showing that she is engaged in treatment prior to the hearing..

¶ 15    Next, the State argues that defendant poses a risk to the community due to her "disregard for the legal system and/or possible inability to comply with any order" of the court. In support, the State contends that it proffered as evidence "facts underlying a December 20, 2023, arrest and charge for aggravated DUI in another matter" and that the December 20, 2023, incident occurred only 10 days prior to the instant offense. According to the State, this evidence "emphasiz[es] the extent of defendant's struggles." A review of the record reflects, however, that on December 20, 2023, defendant was found *not guilty* of DUI in case No. 23-CF-1550. The State further argues that defendant is unable to follow court orders as she violated the conditions of the order of protection in case No. 23-OP-467, which prohibited her from operating a motor vehicle within 24 hours of drinking alcohol or consuming drugs.

¶ 16    Section 110-6.1 of the Code states that "all defendants shall be presumed eligible for pretrial release." 725 ILCS 5/110-6.1(e) (West 2022). Section 110-10 of the Code lists several conditions which a court may order to "ensure the defendant does not commit any criminal offense, ensure the defendant complies with all conditions of pretrial release, *** or ensure compliance with the rules and procedures of problem solving courts." 725 ILCS 5/110-10(b) (West 2022). These conditions "shall include the least restrictive means and be individualized." *Id.* The Code does not provide an exhaustive list of conditions, rather, it allows a court to impose "reasonable conditions," so long as they are the least restrictive means and individualized.  *Id.*

¶ 17    Here, the trial court ordered that defendant not consume alcohol or any intoxicating substances, that she not drive without a valid license, that she not drive with anyone under the age of 18, that she have no unsupervised visitation with her daughter, that she submit to random drug and alcohol testing, and that she comply with the conditions of a SCRAM bracelet. These conditions were clearly individualized to her case. Likewise, these extensive and restrictive

conditions are not unreasonable means to ensure defendant's future compliance with court orders by prohibiting her from drinking altogether, requiring random testing at least one time per week, and prohibiting her from driving unless her license is valid, and barring her from driving with any children under age 18. "[I]n reviewing the circuit court's ruling for an abuse of discretion, we will not substitute our judgment for that of the circuit court, 'merely because we would have balanced the appropriate factors differently.' [Citations.]" *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11. Accordingly, a reasonable person could find that the trial court ordered the least restrictive conditions necessary to ensure defendant's compliance with the rules of the court. Hence, the trial court did not abuse its discretion in ordering defendant released on pretrial with conditions.

¶ 18                                    IV. CONCLUSION

¶ 19     In light of the foregoing, we affirm the order of the circuit court of Kane County.

¶ 20     Affirmed.